ELLA F. R. JORDAN vs. ANNA M. RILEY.

Middlesex.   March 6, 1901. — April 13, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

Where a grantor transfers to his grantee possession of a strip of land which he has occupied without title, adjoining, enclosed with and used as a part of the lot described in the deed, the possession of the grantor should be added to that of his grantee in computing the twenty years in which a title to the strip may be acquired by limitation. Following *Wishart* v. *McKnight, ante,* 356.

One is not less a disseisor or prevented from acquiring a title by lapse of time because his occupation of a strip of land is under the belief that it is embraced in his deed.

WRIT OF ENTRY demanding possession of a parcel of land on the northerly side of Wentworth Street in Malden, filed March 1, 1900.

In the Superior Court, the case was heard by *Bond,* J., upon the following agreed facts: The demandant and the tenant were the owners in fee of adjoining estates. The land demanded was a strip of land about one hundred and twelve feet long and from three to four feet wide and enclosed by the tenant's fence with the land claimed and occupied by her.

The demandant claimed title to the demanded premises under two deeds: the southerly portion of the demanded premises by the deed of Sarah F. and Silas T. Fletcher dated March 31, 1893, and the northerly portion by the deed of Caroline A. R. Evans dated September 1, 1896. It was agreed that the descriptions of the land conveyed by these deeds included and covered the demanded premises.

It was further agreed that the earlier deeds of the demandant's grantors included by description the demanded premises, and that the demandant was entitled to the possession of the demanded premises and to judgment in this action, unless the tenant had acquired a valid title by adverse possession.

On August 31, 1880, Nathan French conveyed to the tenant the main part of the premises occupied by her described in a deed of that date, but it was agreed that the land described in that deed did not include the demanded premises. The tenant,

however, entered upon the demanded premises on the delivery of her deed from French on September 1, 1880, and from that date to the date of the writ had been in possession of the demanded premises, claiming title thereto, and claiming that the fence previously referred to was the easterly boundary line of her premises. It was agreed that the fence had been in its present location not less than twenty-one years before this action was brought.

The demandant was ignorant that the land which her deeds purported to convey to her included the demanded premises until shortly before this action was brought, when she caused her premises to be surveyed for the purpose of selling a portion. On ascertaining that her deeds included the demanded premises she demanded possession of the tenant, who refused to deliver possession or to suffer the demandant to enter, whereupon this action was brought.

It was agreed that the tenant's grantors, meaning the persons conveying the premises described in her deed, were in occupation and possession of the demanded premises continuously and claiming right and title to them, and claiming that the fence previously referred to was the easterly boundary line of the premises, for a period not less than two years before August 31, 1880, which added to the tenant's occupation as above would make a period of not less than twenty-one years of such occupation and claim by the tenant and her grantors together.

On these facts the judge gave judgment for the tenant with costs; and the demandant appealed.

*C. R. Elder*, for the demandant.

*T. P. Riley*, for the tenant.

HOLMES, C. J.  The main point of this case is covered by *Wishart* v. *McKnight, ante,* 356. The demandant was disseised continuously for more than twenty years. Pub. Sts. c. 196, § 1. It is not material, if it be a fact, that the successive occupants of the tenant's lot claimed the disputed strip only because they were under a mistake as to where the boundary line would fall when the deeds were applied to the land. *Harrison* v. *Dolan,* 172 Mass. 395. *Bond* v. *O' Gara,* 177 Mass. 139.

*Judgment for tenant affirmed.*