HARVEY W. VAN ALLEN *vs.* CLARA M. SWEET.

Hampden.     September 22, 1921. — October 11, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Adverse Possession. Equity Pleading and Practice,* Master's report, Appeal. *Evidence,* Presumptions and burden of proof, Inference.

A master, to whom was referred a suit in equity to compel the defendant, a woman, to remove so much of a stone wall as encroached upon the plaintiff's land, found that, more than twenty years before the commencement of the suit, the wall was constructed by a predecessor in title of the defendant and was at some places nine inches over the boundary line and upon the plaintiff's land and that it had occupied approximately the same position during that period; that there was no evidence that it was so erected by permission or license of the adjoining owner; that from 1900 to 1906 the defendant did not know that any one contended that the face of the wall was not identical with

the boundary line of her land, and that, up to 1920, she did not indicate that she held title adversely up to the outside face of the wall; that the plaintiff obtained his title in 1905, and in 1906, after having had the line surveyed, interviewed the defendant and told her that the wall encroached upon his land, to which she replied, "I do not want anything not belonging to me;" that the plaintiff replied, "Something must be done;" that the defendant did not at that time nor at any other time state to the plaintiff that she claimed title to land to the outside face of the wall as her boundary; that an agreement was drawn, after an interview in May or June, 1920, reciting that the wall should not be considered as the true boundary line, but that the true boundary line should stand as the boundary, and that neither party should have any title or easement by adverse possession or otherwise; and that this agreement never was signed by either party. The suit was brought in July, 1920. The master from the foregoing facts as an inference found that the defendant had not adversely held possession of the wall upon the plaintiff's land for a period of twenty years; and, the defendant objecting and excepting, the exception was sustained and the bill was dismissed by order of a judge of the Superior Court. Upon appeal by the plaintiff, it was *held*, that

(1) From the facts found by the master, it clearly appeared that the defendant had maintained the wall partly on land of the plaintiff for more than twenty years under a claim of right and not merely under a license or permission, and that such maintenance had been open, continuous, exclusive and adverse;

(2) The defendant had title by prescription;

(3) The findings that the defendant from the time of her occupancy in 1900 until her interview with the plaintiff in 1906 did not know of the claim that the face of the wall was not coincident with the boundary line and that she did not indicate by any act or declaration that she held title adversely to the face of the wall as a boundary, did not affect her title by prescription;

(4) The defendant's belief or understanding respecting the true boundary line, or her failure to declare that she was the owner of the land upon which the wall stood, could not affect her prescriptive title in view of the other findings of the master;

(5) The master's subsidiary findings of fact did not warrant his conclusion that the defendant's possession and occupancy were not adverse; and that conclusion was clearly erroneous.

BILL IN EQUITY, filed in the Superior Court on July 7, 1920, to compel the defendant to remove a stone wall alleged by the plaintiff to be maintained by the defendant upon the plaintiff's land.

The suit was referred to a master, who found facts, described in the opinion, and, upon the facts so found and as an inference therefrom, found that the defendant had not adversely held possession of the stone wall over the boundary line for a period of twenty years. To this finding and inference the defendant filed an objection and an exception.

The suit was heard by *Lawton,* J., upon the defendant's excep-

tion, and by his order there were entered an interlocutory decree sustaining the exception of the defendant and, save as thereby modified, confirming the master's report, and a final decree dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*W. G. Brownson,* for the plaintiff.

*E. H. Brewster, T. W. Ellis & J. H. Mitchell,* for the defendant.

CROSBY, J. The plaintiff is the owner of a parcel of land on the easterly side of Dwight Street in Springfield; the defendant owns an undivided one half interest in a lot of land situated on the westerly side of Chestnut Street. The land of the defendant abuts on the land of the plaintiff on the east for a distance of thirty-one and fifty-five one hundredths feet from the southeasterly corner of the plaintiff's land. Between the two parcels there is a stone retaining wall, constructed by the defendant's predecessor in title prior to 1898. It is between sixteen and seventeen feet high and over a foot in thickness. The boundary line between the two parcels is a straight line running approximately north and south, the wall for about twenty feet is west of the boundary line, and therefore is on the plaintiff's side of the line and at the maximum point is over the line about nine inches. This suit is brought to compel the defendant to remove so much of the wall as is west of the boundary line.

The case was referred to a master who made certain findings of fact, and upon these findings and the inferences of fact which he drew therefrom found "that the defendant has not adversely held possession of the stone wall westerly of plaintiff's easterly line for a period of twenty years." The defendant's exception to this finding was sustained by a judge of the Superior Court, who, save as thereby modified, confirmed the master's report, and ordered a final decree to be entered dismissing the bill with costs. An interlocutory and a final decree were entered in accordance with the order so made, and the plaintiff appealed.

The master found that the defendant, from the beginning of her occupancy in June, 1900, to the interview hereinafter referred to with the plaintiff in March, 1906, did not know that any one claimed that the face of the wall was not identical with the west line as described in her deed; that she did not by any act or declaration up to May, 1920, indicate that she held adversely to the face

of the wall; that the defendant's wall has occupied approximately its present position for more than twenty years previous to the bringing of the suit; that there was no evidence tending to show that the defendant or her predecessor in title at the time of the construction of the wall or at any time thereafter received permission or license to construct or maintain the wall; that the plaintiff obtained title to his land in 1905, and in March, 1906, after having had it surveyed, had an interview with the defendant and then told her that the wall was over four inches in places, and he had had a survey made; to which the defendant replied "I do not want anything not belonging to me," and the plaintiff said, "Something must be done." The master further found that the defendant did not at that time or at any other time state to the plaintiff that she claimed to the westerly face of the wall as her boundary; that in May or June, 1920, the parties had another interview, the result of which was that the plaintiff had an agreement drawn and sent to the defendant, which in substance recited that the wall should not be considered as the true boundary line, but that the true boundary line should stand as the boundary, and that neither party should have any title or easement by adverse possession or otherwise. This agreement was never signed by either party.

From these findings, it clearly appears that the defendant has maintained the wall partly on land of the plaintiff for more than twenty years under a claim of right, and not merely under a license or permission, and that such maintenance has been open, continuous, exclusive and adverse; it is manifest that the defendant has title by prescription. *White* v. *Chapin*, 12 Allen, 516, 519, 520. *Holloran* v. *Holloran*, 149 Mass. 298. *Wishart* v. *McKnight*, 184 Mass. 283. *Matthys* v. *First Swedish Baptist Church of Boston*, 223 Mass. 544.

The findings that the defendant from the time of her occupancy in June, 1900, until her interview with the plaintiff in March, 1906, did not know of the claim that the face of the wall was not on the west line of her land, and that she did not indicate by any act or declaration that she held adversely to the face of the wall, do not affect her title by prescription.

Her belief or understanding respecting the true boundary line, or her failure to declare that she was the owner of the land upon

which the wall stands, cannot affect her prescriptive title in view of the other findings of the master previously recited. His subsidiary findings do not warrant his conclusion that her possession and occupancy were not adverse. *Bond* v. *O'Gara*, 177 Mass. 139, 143. *Jordan* v. *Riley*, 178 Mass. 524. In the last case it was said at page 525: "It is not material, if it be a fact, that the successive occupants of the tenant's lot claimed the disputed strip only because they were under a mistake as to where the boundary line would fall when the deeds were applied to the land." *Layton* v. *Bailey*, 77 Conn. 22. *Searles* v. *DeLadson*, 81 Conn. 133. See also cases cited, 1 Cyc. 1038, 1039, note.

The statement of the defendant made to the plaintiff in 1906, that she did not want anything not belonging to her, cannot be construed as an admission that she recognized the title to be in the plaintiff, or that she admitted that the face of the wall did not represent the true boundary.

It follows that the findings of the master did not support his conclusion that the defendant has not held possession of the land adversely for twenty years, that conclusion plainly is erroneous. The trial judge rightly sustained the defendant's exception to the master's report, and properly ordered a decree to be entered dismissing the bill.

*Decree affirmed with costs of the appeal.*