RALPH J. WOOD & another *vs.* THEODORE QUINTIN, JUNIOR, & another.

Bristol. October 22, 1951. — November 27, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Adverse Possession and Prescription.*

The facts, that owners of adjoining parcels believed a fence between their parcels was on their true boundary from the time the fence was erected until a survey was made more than twenty years later, which disclosed that it was located several feet easterly of the true boundary, and that the owner of the westerly parcel used and occupied the strip of the easterly parcel between the true boundary and the fence continuously, openly and adversely during that period, required a conclusion that he had acquired title to the strip by adverse possession.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated October 3, 1950.

The suit was heard by *Forte*, J., on a master's report.

*G. H. Young*, for the plaintiffs, submitted a brief.

No argument nor brief for the defendants.

LUMMUS, J. The plaintiffs, husband and wife, own real estate on the southerly side of Winsor Street in Fairhaven, adjoining that of the defendant husband and wife. The bill alleges that the defendants have erected a garage which projects about four feet upon the plaintiffs' land, and prays for an order for the removal of the trespassing garage. The Superior Court, after confirming a master's report, dismissed the bill, and the plaintiffs appealed. An interlocutory decree ordered the defendants to remove "the overhanging gutters to the extent of four (4) inches on the east side of the defendants' garage," and that order was complied with. The plaintiffs contend that the relief given was inadequate.

If a certain wire fence had been on the boundary line between the lands of the parties, the garage would have been wholly on the land of the defendants. That fence was built by a former owner of the plaintiffs' lot in 1927. Both parties and their predecessors in title believed that the fence was on the true boundary line, until a survey was made in April, 1950. The present bill was filed on November 6, 1950. The master found that "the defendants and their predecessors in title used and occupied the strip of land belonging to the plaintiffs which was enclosed by the fence, and that said use was continuous, open and adverse to the plaintiffs' title." The evidence is not reported, and the quoted finding is not inconsistent with any subsidiary finding. Accordingly it must stand. *Anglim* v. *Brockton*, 278 Mass. 90, 94. *Gadreault* v. *Hillman*, 317 Mass. 656, 660. *Sprague* v. *Rust Master Chemical Corp.* 320 Mass. 668, 675. *Weltshe* v. *Graf*, 323 Mass. 498, 500. *Lowell Gas Co.* v. *Department of Public Utilities*, 324 Mass. 80, 90. The findings show that the defendants acquired title to the land in dispute by adverse possession for more than twenty years. G. L. (Ter. Ed.) c. 260, § 21. *Daley* v. *Daley*, 308 Mass. 293, 305.

*Decree affirmed with costs of this appeal.*