JOSEPH BOUTIN & another *vs.* ARMAND O. PERREAULT.

Worcester.   September 25, 1961. — December 13, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & KIRK, JJ.

*Adverse Possession and Prescription.*

A conclusion that the owner of a parcel of land having a driveway thereon which encroached on a narrow strip of an adjoining parcel had acquired title to the strip by adverse possession was justified on a record showing continuous and open use of the strip by him under a claim of right for more than twenty years, although his claim of right and acquiescence in his use, not amounting to a license or permission, by the owner of the adjoining parcel were due to misunderstanding of the location of the boundary between the parcels.

BILL IN EQUITY, filed in the Superior Court on October 22, 1956.

The plaintiffs appealed from a final decree entered after hearing by *Rome, J.*

*Max L. Rubin,* for the plaintiffs.

*James F. Coburn, Jr.,* for the defendant.

WILLIAMS, J. This is a suit in equity to require the defendant to remove from the plaintiffs' land a portion of a macadam driveway and to enjoin him from continuing the trespass incident to its maintenance. In his answer the defendant denied the trespass and averred that he had acquired title to the disputed portion of the driveway by adverse possession.

There was evidence that the plaintiffs and the defendant own adjoining lots of land on the westerly side of Sixth Street in Leominster. The lots were formerly parts of one parcel owned by one Albert Perreault, father of the defendant, Armand O. Perreault. In 1921 Albert conveyed to Armand the northerly portion of the parcel, on which Armand proceeded to build a house. In 1922 Albert gave Armand a confirmatory deed to correct the omission of a description of one of the bounds. On July 19, 1928, Armand conveyed his lot back to his father who thereupon by deed of the same date reconveyed it with a slight enlargement of area to Armand. In 1922 there was a gravel driveway between the house built by Armand and his father's house along the southerly boundary of Armand's lot leading to Sixth Street, which Armand thought and "always claimed" belonged to him.

In 1937 the defendant had eight loads of gravel put on the driveway to make it level with the street, the grade of which had been raised. In 1947 he put on stone dust and in 1953 a bituminous black top. The driveway was about ten feet wide and had been of the same width since 1928. In 1934 Albert had conveyed the southerly portion of his land with his house to the plaintiff Gladys A. Boutin who in 1936 conveyed it to herself and her husband, Joseph, as tenants by the entirety.

The plaintiffs made no objection to the defendant's re-
pair and improvement of the driveway. In 1955 the de-
fendant objected to the plaintiffs' building a retaining wall
along their northerly boundary. In consequence the plain-
tiffs caused their northerly boundary to be surveyed and it
developed that the driveway to a distance of eighty feet
from Sixth Street encroached on their land up to 21 inches.
It is this narrow piece of land which is the subject of the
suit.

The judge took a view of the premises. He found that
the driveway, "existing since approximately 1921, and more
particularly since July 19, 1928, was occupied, used and
maintained by the defendant, openly, notoriously and ex-
clusively, with a claim of ownership therein adverse to the
plaintiffs, and known and acceded to by the plaintiffs."

He found that the driveway encroached on the land of the
plaintiffs as shown by the surveyor's plan, a copy of which
was in evidence, and ruled that the defendant acquired title
to this strip of land by adverse possession for more than
twenty years.

A final decree was entered to this effect and the plaintiffs'
bill dismissed with costs. The plaintiffs appealed.

Although the first repair on the driveway was not made
by Armand until 1937, the judge could have found from his
view of the premises that it was a means of access from
Armand's house to Sixth Street and could infer that it had
been so used since his house was built. He could also have
found that the use from that time had been open and con-
tinuous.

The nature of the use and the resulting occupancy of that
part of it which encroached on the plaintiffs' land was suf-
ficient to indicate a possession by the defendant under a
claim of right. *Holmes* v. *Johnson*, 324 Mass. 450, 454.
*Ottavia* v. *Savarese*, 338 Mass. 330, 334. It is not material
that the right was claimed because of a mistaken belief as to
the location of the boundary line between the properties of
the plaintiffs and the defendant. The claim of ownership
was to the strip of the plaintiffs' land which the defendant

was using, and was not limited by an erroneous belief as to titles. *Bond* v. *O'Gara,* 177 Mass. 139, 143. *Jordan* v. *Riley,* 178 Mass. 524. *Van Allen* v. *Sweet,* 239 Mass. 571, 574–575. *Ottavia* v. *Savarese, supra,* p. 334. It could be found that the acquiescence by the plaintiffs in the defendant's use did not amount to license or permission and was due to a similar misunderstanding by them as to the true location of the boundary line. *Van Allen* v. *Sweet,* 239 Mass. 571, 574. The judge was justified in finding that the defendant had acquired title to the strip of land in question by adverse possession of over twenty years. *La Chance* v. *First Natl. Bank & Trust Co.* 301 Mass. 488, 490–491.

*Decree affirmed.*