WILLARD C. COUSINS & another *vs.* OSCAR CROCKER & another. July 31, 1973. In this petition for registration of title under G. L. c. 185, the sole dispute concerned the location of the southerly boundary of the locus. Deeds in evidence established that the southerly boundary of the locus is the northerly boundary of the respondents' land but did not fix the location of the common boundary. There were findings to the effect that for a period in excess of twenty years a fence had existed which was acquiesced in by the petitioners' and respondents' respective predecessors in title as the true boundary line. Much conflicting testimony was offered as to the location of that fence. The judge accepted the evidence of location offered by the the petitioners and decreed registration accordingly. The respondents submitted no requests for rulings but excepted to certain findings and to the decision. The exception to the general finding does not raise the question whether the finding is warranted on the evidence. *DiCicco* v. *Graphic Mach. Corp.* 329 Mass. 695, 696 (1953). *Murphy* v. *Crosby, ante* 402 (1973). If the decision is treated as one stating all material subsidiary facts, *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166-167 (1936), the general finding was clearly permissible on those subsidiary facts. *Van Allen* v. *Sweet,* 239 Mass. 571, 574-575 (1921). *Wood* v. *Quintin,* 328 Mass. 118, 119 (1951). *Boutin* v. *Perreault,* 343 Mass. 329, 332 (1961). The exceptions to subsidiary findings similarly presented no issue as to whether they were warranted on the evidence. *Matter of Loeb,* 315 Mass. 191, 194 (1943). The respondents could not have succeeded if they had submitted proper requests for rulings. There was no error.

*Exceptions overruled.*

*Thomas B. Shea (Jacob I. Brier* with him) for the defendants.
*Robert U. Holden* for the plaintiffs.