· KENNETH W. KENDALL & another[1] vs. VITO J. SELVAGGIO & another.[2] No. 90-P-1093. May 12, 1992. Further appellate review granted, 413 Mass. 1102 (1992). *Adverse Possession and Prescription.*

On the plaintiffs' complaint for trespass and the defendants' counterclaim of adverse possession, the trial judge found that the defendants had used the land with the permission of the plaintiffs' predecessor in title based upon a mutual mistake as to the boundary line. He concluded that, notwithstanding any mistaken belief about the location of the boundary line, the defendants' use was permissive and not adverse. He ordered the defendants to remove their fence within sixty days of the date of the judgment in the plaintiffs favor. We reverse.

There was evidence to show that the parties own adjoining lots. The defendants acquired title to their land in 1957, and the plaintiffs purchased the adjoining lot from the estate of Rose Crane in 1983. Crane died in 1982, having owned the lot since 1948. The defendant Vito J. Selvaggio testified that, in 1960, young children in the neighborhood were causing some problems. He approached Crane to see if she would object were he to put a fence between their properties. Crane told Selvaggio that she would not mind at all and that she was tired of picking up debris, apparently thrown about the yards by neighborhood youngsters as they played. Crane and Selvaggio walked the intended site of the fence and found two markers, one near the front of the lots and the other to the rear. Selvaggio further testified that, in seeking Crane's "consent" to the fence, he was not asking to put the fence on her land. The fence was to be placed on what he believed to be his property. Because the fence was going to be five or six feet high, he went to Crane, who was a very good friend, "just to be neighborly."

After the fence was erected, the defendants planted flowers, trees, and shrubs. They never sought Crane's permission for any of the many plantings because they believed the land to be theirs. When the plaintiffs purchased Crane's property in 1983, they had an engineering survey done which showed that the fence was on their lot, approximately eight to nine feet in from the boundary.

At the conclusion of the evidence, the trial judge stated that he found that the parties had agreed as to the location of the fence, that Crane and the defendants "were mistaken as to where the actual lot line was," and that this mutual mistake was one "which continued through the years." He reasoned that the defendants' possession of the land was permissive, that is, there was consent based upon a mutual mistake.

Although the trial judge made no express reference to any mutual mistake in his subsequent memorandum of decision, his conclusion, that the defendants' claim of adverse possession was without merit, was based upon the same reasoning: "Both owners agreed on the location of the fence when

[1]Gail J. Kendall.
[2]Vasilike Selvaggio.

it was first constructed. There was no agreement as to the boundary line as it was not discussed."

There is error in the trial judge's conclusion of law that permissive use based upon a mistaken belief as to the location of a boundary line will defeat a claim of adverse possession. The opposite conclusion was required on the facts found by him. "The nature of the use and the resulting occupancy of that part of . . . [a driveway] which encroached on the plaintiffs' land was sufficient to indicate a possession by the defendant under a claim of right. *Holmes* v. *Johnson*, 324 Mass. 450, 454 [1949]. *Ottavia* v. *Savarese*, 338 Mass. 330, 334 [1959]. It is not material that the right was claimed because of a mistaken belief as to the location of the boundary line between the properties of the plaintiffs and the defendant. The claim of ownership was to the strip of the plaintiffs' land which the defendant was using, and was not limited by an erroneous belief as to titles. *Bond* v. *O'Gara*, 177 Mass. 139, 143 [1900]. *Jordan* v. *Riley*, 178 Mass. 524 [1901]. *Van Allen* v. *Sweet*, 239 Mass. 571, 574-575 [1921]. *Ottavia* v. *Savarese, supra* [at] 334." *Boutin* v. *Perreault*, 343 Mass. 329, 331-332 (1961). See also *Wood* v. *Quintin*, 328 Mass. 118 (1951).

It follows from the trial judge's findings and the law, that the judgment must be reversed and a new judgment entered providing that the defendants have acquired title to the land in dispute by reason of adverse possession.

*So ordered.*

*Joseph H. Sexton, III*, for the defendants.
*Richard P. Howe* for the plaintiffs.