NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-274

DENNIS M. DI SCHINO

vs.

HENRY (NIAN) LU.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bench trial, a judge of the Housing Court issued findings of fact, rulings of law, and an order for judgment dismissing the plaintiff's summary process complaint without prejudice and awarding the defendant damages on his counterclaims, including $6,000 on his counterclaim for breach of the covenant of quiet enjoyment. The plaintiff appeals from the judgment and from the judge's order denying reconsideration. The sole issue raised is whether the evidence supported the judge's finding that the plaintiff breached the covenant of quiet enjoyment. We conclude that it did not and thus reverse that portion of the judgment.

Background. We summarize the judge's findings of fact. The parties entered into a one-year lease in August 2019. When

the lease expired in September 2020, the parties entered into a tenancy at will agreement.

On June 23, 2021, the plaintiff sent the defendant a letter, which stated in relevant part (quoted verbatim):

> "This letter also serves as notice that I am terminating the thirty (30) day tenant at will agreement. You have until July 31, 2021 to vacate the premises. As you are aware, the property is being redeveloped to include 15 new housing units. As part of the construction, new utility lines will be brought into the existing two-family house. Starting on August 1, 2021 the utilities to your unit will be disconnected as part of the construction work."

On July 6, 2021, the defendant responded by letter that the plaintiff needed a court order to remove the defendant or his possessions from the premises. The defendant's letter further stated, in relevant part (quoted verbatim):

> "I have experienced substantial interference with the use and enjoyment of my home because of your actions. Any utility shut-off will prevent me from doing my business tasks, and create loss of income. It creates problem for my livelihood. Also, Coronavirus delta variant is spreading. There is a high probability that I will get infected during the move."

The plaintiff responded by e-mail the same day, informing the defendant that he did not have a lease agreement and that if he stayed in the apartment beyond July 31, the plaintiff would incur damages, including "very expensive construction delays and possible loss of a building permit." On July 13 the plaintiff sent the defendant another letter in which he stated that he

2

"cannot guarantee utility service beyond July 31st due to the construction schedule for the property."

The plaintiff filed his summary process complaint in August 2021.[1]  After the trial, held in November 2021, the judge found that the plaintiff's June 23, 2021, notice to quit wrongfully "threatened" to shut off the defendant's utilities and thereby interfered with his quiet enjoyment of the premises.  The judge made no finding that the plaintiff actually shut off the utilities.  The plaintiff moved to reconsider, averring in a supporting affidavit that he "had not, and would not, shut off [the defendant's] utilities while he was occupying the [p]remises."  In his order denying the motion to reconsider, the judge reiterated that the "threat" to shut off the utilities was what constituted the breach of the covenant of quiet enjoyment.

Discussion.  We accept the judge's findings of fact unless clearly erroneous but "scrutinize without deference the legal standard which the judge applied to the facts."  Andover Hous. Auth. v. Shkolnik, 443 Mass. 300, 306 (2005), quoting Kendall v. Selvaggio, 413 Mass. 619, 621 (1992).  The plaintiff contends that the judge's ruling was erroneous both as a matter of fact and as a matter of law.  We agree.

---

[1] The complaint, originally filed in the District Court, was later transferred to the Housing Court.

3

First, it was clear error to find that the plaintiff's threat to shut off the utilities interfered in fact with the defendant's enjoyment of the premises. As the basis for that finding, the judge relied on the defendant's July 6, 2021, letter. The judge characterized the letter as "point[ing] out . . . the impact the [p]laintiff's threat to disconnect [the defendant's] utility services and implied threat not to seek judicial process had, and continued to have, on [the defendant] including preventing him from engaging in his professional business tasks, economic loss and the probability of getting infected with the Coronavirus delta variant." But even assuming the notice to quit can be interpreted as a threat,[2] the defendant's letter does not state that the threat itself caused him any harm. Rather, it states that the defendant would suffer the identified harms if there was "[a]ny utility shut-off" and if he was forced to "move" without a court order. The judge's finding to the contrary was clearly erroneous.

Second, the judge erred as a matter of law in concluding that the threat rose to the level of "serious interference" with the defendant's tenancy, as is required to establish a breach of the covenant of quiet enjoyment. Doe v. New Bedford Hous. Auth., 417 Mass. 273, 285 (1994). The term "serious

_____

[2] The plaintiff argues that this is not a reasonable interpretation, but we need not reach that question.

4

interference" means "acts or omissions that impair the character and value of the leased premises."  Id.  Under G. L. c. 186, § 14, which codified tenants' common law right under the implied covenant of quiet enjoyment, see Simon v. Solomon, 385 Mass. 91, 102 (1982), a "landlord of any building or part thereof occupied for dwelling purposes" is liable for damages if he "willfully or intentionally fails to furnish" utilities "necessary to the proper or customary use of such building or part thereof." Here, the judge did not find that the plaintiff actually disconnected the utilities, nor did he identify any other act or omission by the plaintiff that "impair[ed] the character and value of the leased premises."  Doe, supra.  The defendant's counterclaim for breach of the covenant of quiet enjoyment thus fails as a matter of law.

Conclusion.  So much of the judgment that awards the

defendant damages on his counterclaim for breach of the covenant of quiet enjoyment is reversed.  The remainder of the judgment is affirmed.

> So ordered.
>
> By the Court (Green, C.J.,
>   Shin & Hershfang, JJ.[3]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  April 27, 2023.

---

[3] The panelists are listed in order of seniority.