NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-707

DWAYNE M. CRUTHIRD

vs.

ALLISON HALLET[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Dwayne M. Cruthird, appeals from a judgment entered in favor of the defendant superintendent and correctional officers at the Massachusetts Alcohol and Substance Abuse Center (MASAC) following a bench trial in the Superior Court. The plaintiff argues that because the trial judge denied the defendants' motions for directed verdicts at the close of the plaintiff's case and at the close of all the evidence, the judge erred, as a matter of law, by finding in favor of the defendants. We affirm.

As the plaintiff correctly points out, a trial judge must deny a motion for a directed verdict if "anywhere in the

_____

[1] Individually and in her official capacity as superintendent of the Massachusetts Alcohol and Substance Abuse Center.
[2] Frederick Fontaine and Timothy Scott, individually and in their official capacities.

evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff."  Poirier v. Plymouth, 374 Mass. 206, 212 (1978), quoting Raunela v. Hertz Corp., 361 Mass. 341, 343 (1972).  In deciding the motion, "[t]he evidence is to be viewed in a light favorable to the plaintiff, and the tribunal may not examine the weight or credibility of the evidence" (citations omitted).  Cooper v. Cooper-Ciccarelli, 77 Mass. App. Ct. 86, 91 (2010).[3]

The plaintiff presented evidence that he wrote a letter to MASAC officials complaining of racial discrimination and that after he wrote the letter, he was transferred to "higher custody."  The defendants presented evidence that they transferred the plaintiff not because of his letter, but because of multiple rule violations.  For the purpose of the motions for directed verdicts, the judge was required to view the evidence in the light most favorable to the plaintiff and, therefore, to

_____

[3] The defendants should not have moved for a directed verdict in a bench trial.  See Kendall v. Selvaggio, 413 Mass. 619, 620 n.3 (1992).  If they believed the plaintiff had failed to present evidence sufficient to make out a prima facie case, they could have moved for involuntary dismissal under Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974).  Kendall, supra.  The holding to the contrary in M.G. v. G.A., 94 Mass. App. Ct. 139, 144-148 (2018), is limited to practice in the District Court.  Because the procedural error giving rise to the plaintiff's arguments was of the defendants' own making, we proceed to address the substance of his appeal.

2

discredit the defendants' testimony.  In rendering the final judgment, however, the judge, acting as the trier of fact, was permitted to make credibility determinations and draw his own conclusions, and his conclusion was that the plaintiff had failed to prove retaliation, intimidation, violation of the plaintiff's constitutional and civil rights, or civil conspiracy.  The plaintiff faults the defendants for failing to move for judgment notwithstanding the verdict, but because the verdict was in their favor, they had no reason to do so.

"In reviewing a judge's decision after a jury-waived trial, 'we accept the judge's findings of fact as true unless they are clearly erroneous' but 'scrutinize without deference the legal standard which the judge applied to the facts.'"  Psy-Ed Corp. v. Klein, 459 Mass. 697, 710 (2011), quoting Kendall v. Selvaggio, 413 Mass. 619, 620, 621 (1992).  As we have explained, the plaintiff's legal claims are without merit. Because the plaintiff makes no argument that the judge's findings were clearly erroneous as a matter of fact, we have no

occasion to review those findings.

                                   Judgment affirmed.

                                   By the Court (Milkey,
                                     Massing & Henry, JJ.[4]),

                                   *Joseph F. Stanton*

                                   Clerk

Entered:  May 11, 2023.

---

[4] The panelists are listed in order of seniority.