NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-687

KEVIN F. MACDONALD

vs.

JP MORGAN CHASE BANK, N.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a Superior Court judge's entry of summary judgment in favor of the defendant on the plaintiff's claims stemming from the defendant's foreclosure on and sale of a home owned by the estate of the plaintiff's mother.  The plaintiff's complaint alleged that the foreclosure sale was not noticed properly and must be rescinded and that the foreclosure sale was unlawful because the plaintiff had adversely possessed portions of the property.  The judge dismissed the complaint, ruling that the plaintiff had no standing to bring the action. We affirm.

Background.  In 2005, the plaintiff's mother granted a mortgage on her home to the defendant bank as security for a

home equity line of credit. The plaintiff's mother died in 2013. She left a will in which she designated the plaintiff and his brother as joint executors of her estate. A petition for informal probate was filed in 2016, pursuant to which the plaintiff and his brother were approved as co-personal representatives. The will provided the plaintiff, who had lived in his mother's home for decades, a limited-time option to purchase the house. The plaintiff did not exercise the option. In that event, the will provided that the house was to be sold and any proceeds contributed to the residue of the estate, which was to be distributed equally between the plaintiff and his brother. The defendant initiated foreclosure proceedings in November 2019 with notice to the plaintiff and his brother. The plaintiff filed the instant complaint two years later in November 2021 to stop the ensuing foreclosure sale, arguing that he adversely possessed the property and also that the foreclosure sale had not been properly noticed.

Discussion. On appeal, the plaintiff argues that the judge erred as a matter of law in dismissing the suit because he had standing both as a personal representative of his mother's estate and individually as owner of the property by adverse possession.

1. Standing as personal representative. A personal representative has the authority to sue on behalf of the estate,

2

G. L. c. 190B, § 3-703 (c), in furtherance of the representative's fiduciary obligations thereto. G. L. c. 190B, § 703 (a). However, where there are joint personal representatives:

> "unless the will provides otherwise, the concurrence of all is required on all acts connected with the administration and distribution of the estate. This restriction shall not apply . . . when the concurrence of all cannot readily be obtained in the time reasonably available for emergency action necessary to preserve the estate, or when a co-representative has been delegated to act for the others."

G. L. c. 190B, § 3-717. Here, the plaintiff brought the action alone without the co-personal representative. He does not argue that he did not have time to obtain his brother's concurrence prior to filing suit. Rather, he argues that his brother was in favor of the foreclosure going forward and did not consent to the lawsuit. Yet, the plaintiff contends that he falls within the exception to the "concurrence of all" requirement because the situation called for "emergency action necessary to preserve the estate."

Although these terms appear not to have been previously construed in the case law, a plain reading of the statute shows that the exception to "concurrence of all" is triggered when consent "cannot readily be obtained in the time reasonably available for emergency action." G. L. c. 190B, § 3-717. See Mack v. District Attorney for the Bristol Dist., 494 Mass. 1, 12 (2024) (statutory interpretation begins with plain language of

3

statute).  Here, the plaintiff had ample time, at least two years since foreclosure proceedings began, to obtain his brother's consent.  Nor can the lawsuit filed on the eve of the foreclosure sale be considered "emergency action" necessary to preserve the estate, given the lengthy notice of foreclosure proceedings.  See Black's Law Dictionary 660 (11th ed. 2019) (emergency is "sudden and serious event or an unforeseen change in circumstances that calls for immediate action to avert, control, or remedy harm").

The plaintiff's view that his brother's refusal to concur justified his unilateral action cannot be sustained.  Such an interpretation would have the exception swallow the rule.  See Adoption of Daphne, 484 Mass. 421, 424 (2020) (statute must be interpreted according to intent of Legislature so as to render law effective, consonant with sound reason and common sense).  Personal representatives act as fiduciaries.  G. L. c. 190B, § 3-703 (a).  As such, they are required to act prudently and reasonably to preserve the estate's value for the beneficiaries.  See Taylor v. Jones, 242 Mass. 210, 215, cert. denied, 260 U.S. 742 (1922).  The "emergency action" exception to the usual requirement that co-personal representatives act together safeguards this principle by freeing co-personal representatives from having to obtain permission when swift action is sensible and necessary.  By contrast, allowing personal representatives

4

to circumvent longstanding differences of opinion by claiming the unilateral right to act on behalf of the estate would undermine the statute's central purpose of requiring concurrence.  We conclude that the plaintiff did not fall within the exception allowing unilateral action.  As a result, he did not have standing to bring suit on behalf of the estate.

2.  Standing as owner by adverse possession.  To establish that he adversely possessed his mother's former home, the plaintiff was required to show "nonpermissive use which is actual, open, notorious, exclusive and adverse for twenty years."  Lawrence v. Concord, 439 Mass. 416, 421 (2003), quoting Kendall v. Selvaggio, 413 Mass. 619, 621-622 (1992).  "The burden of proving adverse possession is on the person claiming title thereby and 'extends to all of the necessary elements of such possession.'"  Id., quoting Mendonca v. Cities Serv. Oil Co. of Pa., 354 Mass. 323, 326 (1968).  "[T]he purpose of the various requirements of adverse possession . . . is to put [the owner] on notice of the hostile activity of the possession so that he, the owner, may have an opportunity to take steps to vindicate his rights by legal action."  Air Plum Island, Inc. v. Society for the Preservation of New England Antiquities, 70 Mass. App. Ct. 246, 252 (2007), quoting Ottavia v. Savarese, 338 Mass. 330, 332-333 (1959).

Here, there are no facts in the summary judgment record raising a material dispute whether the plaintiff exclusively occupied the subject premises for twenty years or did so without permission. The plaintiff claims adverse possession in his complaint, but has mustered no evidence to show that he has met the elements of that claim. See LaLonde v. Eissner, 405 Mass. 207, 209 (1989) ("[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment"). In fact, the plaintiff says in his brief that he has occupied two rooms of the home, which suggests that his use of the property has not been exclusive. The plaintiff failed to establish his standing as owner by adverse possession.

Judgment affirmed.

By the Court (Singh, Hand & D'Angelo, JJ.[1]),

Clerk

Entered: September 23, 2024.

---

[1] The panelists are listed in order of seniority.