NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-375

PARAMOUNT MOB, LLC

vs.

TRISTAN MEDICAL ENTERPRISES, P.C., & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Tristan Medical Enterprises, P.C. (defendant), and its principal, Ryan Welter (collectively, defendants), contest damages awarded to the plaintiff for breach of a commercial lease by the defendant.  We affirm.

Background.  "We accept the judge's findings of fact unless they are clearly erroneous."  NPS, LLC v. Minihane, 451 Mass. 417, 419 (2008), citing Kendall v. Selvaggio, 413 Mass. 619, 620 (1992).

On May 15, 2017, the plaintiff leased to the defendant two suites in the plaintiff's commercial property in Raynham.  The lease was for a five-year term and required payment of monthly

_____

[1] Ryan Welter.

base rent along with additional rental fees.  It included a liquidated damages provision that provided that, in the event of a default,

> "Tenant shall pay to Landlord the Fixed Rent, Additional
> Rent and other sums required to be paid by Tenant to and
> including the date of such expiration, termination or
> repossession; and, thereafter, Tenant shall, until the end
> of what would have been the expiration of the then existing
> Term in the absence of such expiration, termination or
> repossession, and whether or not the Premises or any part
> thereof shall have been relet, be liable to Landlord for,
> and shall pay to Landlord, as liquidated and agreed current
> damages, the Fixed Rent, Additional Rent and other sums
> which would be payable under this Lease by Tenant in the
> absence of such expiration, termination or repossession,
> less the net proceeds, if any, of any reletting effected
> for the account of Tenant pursuant to" another section of
> the lease.

The defendant made timely rent payments for approximately a year, but then missed payments.  In time, the plaintiff brought a summary process action to recover possession and unpaid rents. By agreement for judgment, execution for possession and rent was issued but held in escrow by the plaintiff; it was to be released and served upon the occasion of any future default for nonpayment.  In early August 2019, the defendant defaulted and (by agreement) vacated the premises by the end of the month, remitting a payment for use and occupancy through August 2019.

The plaintiff filed a complaint alleging breach of the lease, breach of a personal guaranty of the lease, and trustee

2

process,[2] and a judge of the Superior Court awarded summary judgment to the plaintiff on the issue of liability. After a hearing on damages, a second judge of the Superior Court (damages judge) awarded the plaintiff damages of $386,273.70, plus prejudgment statutory interest and attorney's fees. The defendants moved for relief from the judgment awarding damages to the plaintiff. See Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). Denying that motion, the damages judge found that the defendant's principal was a sophisticated party.

Discussion. The defendants maintain that (1) the liquidated damages provision in the parties' lease agreement was a prohibited penalty, and the damages judge's reasoning in awarding damages was therefore flawed, (2) the plaintiff failed to introduce sufficient evidence of the applicable lease terms, and (3) the damages judge erred in determining, posthearing, that the individual defendant was a "sophisticated party." We begin with a review of the third point because it affects review of the first.[3]

---

[2] The claim for trustee process was dismissed by stipulation.

[3] We are not persuaded by the defendants' second argument that the existence of unspecified "subsequent lease documents" rendered this lease ambiguous. The lease was dated May 15, 2017, and amended on May 31, 2017. The case was litigated based on this lease, which the parties agreed they had signed. The parties' joint pretrial memorandum referred to it as the "Lease Agreement." In the stipulation of facts for the damages

3

a.  <u>Sophisticated party</u>.  Whether the defendant was a sophisticated party is a question of fact, see <u>Cummings Props., LLC</u> v. <u>Hines</u>, 492 Mass. 867, 873-874 (2023) (<u>Hines</u>), which we review for clear error, see <u>H1 Lincoln, Inc</u>. v. <u>South Washington St., LLC</u>, 489 Mass. 1, 13 (2022).  Here, we perceive none.  The damages judge properly grounded his ruling in the documentary and testimonial evidence.  He noted that the principal was the previous owner of the building in which the defendant leased its space and had sold the building to the plaintiff.  The damages judge also relied on the principal's familiarity with commercial leases, common area maintenance charges, and other charges common to commercial leases, noting that the principal was represented by counsel during the lease negotiations.

b.  <u>Prohibited penalty</u>.  "Whether a liquidated damages provision in a contract is an unenforceable penalty is a question of law," <u>NPS, LLC</u>, 451 Mass. at 419, which we review de novo, see <u>James B. Nutter & Co</u>. v. <u>Estate of Murphy</u>, 478 Mass. 664, 667 (2018).  "A contractual liquidated damages provision is entitled to a presumption of validity, especially where . . . it was negotiated between two sophisticated parties."  <u>Hines</u>, 492 Mass. at 873, quoting <u>Nantasket Beachfront Condominiums, LLC</u> v. <u>Hull Redev. Auth</u>., 87 Mass. App. Ct. 455, 469 (2015).  "It is

hearing, the parties described the lease terms by reference to this lease.  No later lease appears in the record.

4

well settled that a contract provision that clearly and reasonably establishes liquidated damages should be enforced, so long as it is not so disproportionate to anticipated damages as to constitute a penalty" (quotation and citation omitted). NPS, LLC, supra at 420.

"The burden of showing that a liquidated damages provision is unenforceable rests with the party challenging enforcement of the provision (here, the defendant)." NPS, LLC, 451 Mass. at 420. "If, at the time the contract was made, actual damages were difficult to ascertain and the sum agreed on by the parties as liquidated damages represents a reasonable forecast of damages expected to occur in the event of a breach, it will usually be enforced." Cummings Props., LLC v. National Communications Corp., 449 Mass. 490, 494 (2007) (National Communications Corp.). "In assessing reasonableness, we look to the circumstances at the time of contract formation; we do not take a 'second look' at the actual damages after the contract has been breached." NPS, LLC, supra. See Hines, 492 Mass. at 873 (reaffirming "single look" approach for assessing enforceability of liquidated damages provisions).

Because the defendant was a sophisticated party, the liquidated damages provision "should be enforced so long as it is not so disproportionate to anticipated damages as to constitute a penalty.'" NPS, LLC, 451 Mass. at 420. Rent

5

acceleration clauses fall within this rule.  See National Communications Corp., 449 Mass. at 494, and cases cited.

The damages judge found that "the actual damages resulting from a breach were difficult to ascertain at the time the contract was signed" and that "the sum agreed on as liquidated damages represent[ed] a 'reasonable forecast of damages expected to occur in the event of a breach.'"  These conclusions were supported by the record.  Having so ruled, the damages judge properly concluded that the liquidated damages provision was enforceable.

The defendants maintain that the plaintiff failed to show that the losses resulting from its breach were difficult to ascertain, but this misunderstands the law; the burden was on the defendants to show that the liquidated damages provision was unenforceable.  See Hines, 492 Mass. at 871.  As the defendants

6

failed to carry that burden, we discern no error in the damages judge's ruling that the provision was enforceable.[4]

Judgment affirmed.

Order denying motion for
relief from judgment
affirmed.

By the Court (Sacks,
Hershfang & Tan, JJ.[5]),

*Paul Little*

Clerk

Entered:   July 10, 2025.

---

[4] The defendants also maintain that the judge erred by failing to credit the defendants for rent payments made by a subsequent tenant, but that argument fails because mitigation is not required where a valid liquidated damages provision exists. See NPS, LLC, 451 Mass. at 423 ("in the case of an enforceable liquidated damages provision, mitigation is irrelevant and should not be considered in assessing damages").

[5] The panelists are listed in order of seniority.