JOSEPH F. WHITE, JR., & another *vs.* HARVEY G. CLAUSON, JR., & another. May 2, 1962. Decree affirmed with costs of appeal. This is a bill in equity to enforce a constructive or resulting trust in favor of

White in a half interest in certain Falmouth real estate purchased by a corporation controlled by Clauson. The plaintiffs contend that White and Clauson entered into a joint adventure to purchase this real estate in equal shares. The defendants contend that this arrangement was conditioned upon whether Clauson should in fact obtain a half interest in a Ford motor sales agency to be conducted on the premises. The Ford Motor Company would not permit Clauson to participate in that agency. The plaintiffs appeal from a decree dismissing the bill. The evidence is reported. The judge found the material facts. Although a different conclusion would have been justified by the conflicting evidence, largely oral, we cannot say that the trial judge was plainly wrong (*Jertson* v. *Hartley*, 342 Mass. 597, 601; see *Cohen* v. *Santoianni*, 330 Mass. 187, 190) in concluding that there was no joint adventure (see *Cardullo* v. *Landau*, 329 Mass. 5, 8) that would furnish a basis for imposing any constructive trust. See *Cann* v. *Barry*, 293 Mass. 313, 316-318. See also *Shelburne Shirt Co.* v. *Singer*, 322 Mass. 262, 265-266, 268; *Yamins* v. *Zeitz*, 322 Mass. 268, 272-273; *Samia* v. *Central Oil Co. of Worcester*, 339 Mass. 101, 112. Cf. *Warsofsky* v. *Sherman*, 326 Mass. 290, 292-293; *Ranicar* v. *Goodwin*, 326 Mass. 710, 713; *Young* v. *Paquette*, 341 Mass. 67, 68. Cf. also *Salter* v. *Beal*, 321 Mass. 105, 109. The judge was not required by the evidence to find that cash payments made by White to Clauson were not loans or that they were advances of a specific portion of the purchase price which might give rise to a resulting trust. See *Druker* v. *Druker*, 308 Mass. 229, 230-231; *Collins* v. *Curtin*, 325 Mass. 123, 125; *Checovich* v. *Checovich*, 339 Mass. 71, 73-74.

*George W. McLaughlin* for the plaintiffs.

*Julian L. Yesley* (*Richard W. Renehan* with him) for the defendants.