T. EDMUND GARRITY vs. DAVID E. SHERIN.

Middlesex.   May 6, 1963. — June 3, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Adverse Possession and Prescription.*

In a suit in equity by the owner of an old house across a road from the
    defendant's shore front lot to establish a private prescriptive right
    appurtenant to the plaintiff's property to use a path and steps across
    the defendant's lot, there was no error in a conclusion that the plaintiff
    had not sustained the burden of establishing such right where, although
    evidence disclosed use of the path and steps by occupants of houses in
    the neighborhood, "all the surrounding people . . . everybody," for well
    over twenty years, the use thereof by the plaintiff and his family shown
    was over a period of thirteen years only and there was no evidence of
    such use by the plaintiff's predecessors in title.

BILL IN EQUITY filed in the Superior Court on October 3,
1957.

The suit was heard by *DeSaulnier, J.*

*Walter H. McLaughlin, Jr.,* for the plaintiff.

*Joseph H. Beecher* for the defendant.

WHITTEMORE, J.   This is the plaintiff's appeal from a
final decree in the Superior Court which dismissed his bill
to establish a prescriptive right to pass across the defend-
ant's shore front lot on the northeast side of Sagamore
Road at Sagamore Beach in the town of Bourne, based on
use for over twenty-five years by "the plaintiff and his pre-
decessors in title." The evidence is reported and the
judge adopted his "Findings, Rulings of Law and Order
for Decree" as a report of material facts.

The judge referred to *Ottavia* v. *Savarese,* 338 Mass. 330,
as holding that the adverse claimant must have had "an
intention to hold . . . as owner and to the exclusion, right-
fully or wrongfully, of everyone else." His only finding
was in the concluding statement that the plaintiff had not
sustained the burden of showing "that the non-permissive
use was actual, open, notorious, and exclusive," and that

although "there was testimony from various witnesses that this right of way had been used from time to time, . . . [Marguerite Brown who owned] the property, prior to the purchase by the . . . [defendant in November, 1956] testified, and the Court finds, that any use made of the right of way by the . . . [plaintiff] or other users was only by license of the true owner."

The plaintiff points out that the acquisition of a prescriptive right of way shared with others does not require the "exclusion . . . of everyone else." But the words "exclusive use" are sometimes used in connection with the acquisition of rights of way to suggest the exclusion of the owner's dominion to the extent of the adverse use (see *Kilburn* v. *Adams,* 7 Met. 33, 39), and we think the judge did not intend to rule that the plaintiff could not acquire a right of way while others in the neighborhood were also doing so.

Mrs. Brown's testimony in respect of permissive use did not relate to use in a period prior to her ownership (1945–1953) and we agree with the plaintiff that it did not tend to show the character of such use. Compare *Truc* v. *Field,* 269 Mass. 524, 530. Further, except for a generality that the use was "[w]ith my permission" her testimony was at least as consistent with recognition of the plaintiff's claim of right, and contest of it, as with a license. She testified that when the plaintiff complained of the state of the way she told him it was private property which he was using at his own risk; she posted "No Trespassing" signs every spring and fall beginning in 1946 which were "always removed promptly." Compare G. L. c. 187, § 3 ("posted . . . for . . . six successive days").

The plaintiff does not, however, show error in the judge's conclusion that he had not sustained the burden of proof.

The uncontroverted testimony shows the use of the path and steps by the plaintiff and his family (and about thirty-five people in the neighborhood) from 1944 to 1957. It also shows use of the way and steps by occupants of the houses in the neighborhood ("all the surrounding people that had cottages"; "everybody . . . used it"; "many children, particularly, and their parents") from about 1909 or 1910

to 1957, and that the plaintiff's house, across Sagamore Road from the defendant's lot, was built in 1914. There is no evidence of use by the plaintiff's predecessors in title. The evidence showed that there were no houses on the defendant's lot and on the lots adjacent to it until about twenty years prior to the hearings in 1962. It did not appear who built the steps.

The failure to show specific use with a claim of right by the plaintiff's predecessors in title justified the judge's finding and ruling. For private easement it is required that the plaintiff prove "open, uninterrupted and adverse [use] for a period of not less than twenty years" (*Tucker v. Poch,* 321 Mass. 321, 323) by the claimant and his predecessors in title. *Kershaw v. Zecchini,* 342 Mass. 318.

The plaintiff's brief refers to use by "the public at large" but the case presented by the pleadings and the only issue which we think can be said to have been fully tried was whether there was a private easement appurtenant to the plaintiff's estate.

> *Final decree dismissing the bill affirmed with costs of the appeal to the defendant.*