B & C ERECTION Co., INC. *vs.* THOMAS BERGIN & others.

Middlesex.    December 4, 1963. — January 7, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Contract,* For supplying building material.

Findings by the judge in a suit in equity, that the general contractor on a building construction project, after receiving a bid for specially fabricated steel from a steel contractor, told him to "go ahead and order steel for the job," whereupon the order was placed and the steel fabricated, and that the general contractor was liable to the steel contractor, were fully supported by reported evidence; the judge was not obliged to find on the evidence that because the steel contractor had not obtained approval of the "shop plans" for the project from a structural engineer the fabrication of the steel was not authorized.

BILL IN EQUITY filed in the Superior Court on August 21, 1962.

The suit was heard by *O'Malley, J.*

*John C. Collins,* for Thomas Bergin, submitted a brief.

*Borris C. Kleiner* for the plaintiff.

SPIEGEL, J.    This is a bill in equity to recover damages for an alleged breach of contract by the defendant Bergin and to reach and apply certain monies due Bergin from the defendant Waltham Lodge of Elks No. 953 (Waltham). The evidence is reported.    The judge of the Superior Court who heard the case made findings, rulings, and order for decree.    A final decree was entered directing Waltham to pay to the plaintiff the sum of $3,508.60 out of the funds in its possession belonging to Bergin.    From this decree Bergin appealed.

The findings and rulings of the trial judge are herewith summarized.    The plaintiff is a steel contractor.    Its presi-

dent and general manager (Harold B. Cox) has done business with the defendant Bergin, a general contractor, since about 1956. They have never entered into written contracts. Sometime in January, 1961, Bergin told Cox that he had a contract with Simon Garnetting Mills Inc. to erect an addition to an existing building in Waltham and requested Cox to submit an estimate on the steel work involved. They met and discussed a set of plans which Bergin had for the building. Cox sent the plan to his steel supplier in Pennsylvania. The steel for this building had to be specially fabricated. When Cox received "figures as to the cost of the steel" from the supplier, he submitted a bid of $14,308 to Bergin. Later Bergin told Cox to "go ahead and order steel for the job" whereupon Cox placed the order. The supplier then began to fabricate the steel and made shipment of some anchor bolts and certain framings. On several occasions Cox told Bergin that these had been received and were ready for delivery, but each time Bergin requested that delivery be delayed inasmuch as the foundation for the building addition had not been started. In June, 1961, after Cox's supplier had fabricated the steel, Bergin informed Cox's wife that the contract for the building addition had been cancelled. On several occasions thereafter Cox sought payment from Bergin, who assured him that payment would be made. Later Bergin refused to make payment and denied that he had ever entered into a contract with Simon Garnetting Mills Inc. or with Cox. Cox's supplier agreed to dispose of the structural steel as well as it could, having in mind that the steel was specially fabricated and could not readily be sold on the market. The plaintiff suffered damages in the amount of $3,310 as a result of the breach of the contract. The defendant Waltham Lodge of Elks No. 953 holds assets of Bergin in the amount of $4,000.

The trial judge in his findings also stated the following: "There was evidence on the part of Bergin that his dealing with Cox was limited to getting a figure from Cox which might be used in submitting a total figure to Simon Garnet-

ting Mills Inc. and, further, that Cox' figure and a shop plan from the Carew Steel Company were to be submitted to Francis Bergin, a structural engineer and a brother of the defendant, for approval. There was further evidence that this was the procedure followed on the other jobs that Cox had worked on for Bergin. I do not find this as a fact. . . ."

Bergin's argument appears to be that the trial judge was in error in not finding that Cox was obliged to obtain approval of the shop plans from Bergin's brother, that his brother "never approved the shop plans and for that reason the special fabrication by the mill for the steel was not authorized."

Although there was testimony to support Bergin's position, there was also testimony to negate it. The judge was not compelled to make findings of fact favorable to Bergin. We have reviewed the entire record and conclude that the findings of the trial judge are fully supported by the evidence. *Berman* v. *Coakley,* 257 Mass. 159, 162. *White* v. *Clauson,* 344 Mass. 750, 751. *Cline* v. *A. A. Will Sand & Gravel Corp., ante,* 40, 42. There was no error.

*Decree affirmed with costs of appeal.*