IVONS-NISPEL, INC. *vs.* IRENE LOWE & another
(and a companion case[1]).

Barnstable.   May 6, 1964. — July 2, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Adverse Possession and Prescription.   Evidence,* Presumptions and burden of proof.  *Beach.*

"Persons of the local community" and the "general public" are too broad a group to acquire by prescription an easement to use private beaches for bathing and for recreational purposes.   [761–762]

One who alleges an easement by prescription has the burden of proving it.   [762]

In a suit in equity to restrain certain "residents of summer dwellings" from trespassing on a beach of the plaintiff, findings by the trial judge that each of the defendants had "for an uninterrupted period . . . in excess of twenty years used" the beach in the summer for bathing and for recreational purposes and had acquired an easement by prescription for such use were fully supported by the evidence as to one defendant, but were wrong as to two defendants whose testimony that they had been using the beach for less than twenty years was undisputed and as to a defendant who introduced no evidence of the length or type of his use.   [762]

A finding by the trial judge in a suit in equity that a defendant who continuously and openly used a beach of the plaintiff for bathing and recreational purposes in the summer for more than twenty years had acquired an easement by prescription for such use was right, even though the judge did not explicitly find that such use was "adverse" and stated that the plaintiff and his predecessor in title "at least impliedly, acquiesced in the use and enjoyment" of the beach by the defendant, where there was no evidence that the defendant ever received permission to use the beach and the plaintiff did not explain or show any control over such use.   [762–763]

---

[1] The companion case is by the same plaintiff against Leighton P. Rogers & another.

Two BILLS IN EQUITY filed in the Superior Court on August 7, 1958, and October 7, 1958, respectively.

The suits were heard by *Sullivan, J.*

*Walter H. McLaughlin, Jr.* (*Kenneth E. Wilson* with him) for the plaintiff.

No argument or brief for the defendants.

SPIEGEL, J.   These are the plaintiff's appeals from final decrees in the Superior Court dismissing the plaintiff's two similar bills to restrain the defendants from trespassing on shore property owned by the plaintiff.   The cases were tried together and were "considered one and the same insofar as the facts and the applicable law . . . [are] concerned."   The evidence is reported, and in each case the judge adopted his "Findings, Rulings and Order for Decree" as a report of material facts.

In 1953, the plaintiff acquired a tract on the shore of Cape Cod Bay in Dennis.   In 1957, this tract, except for that portion between the mean high water mark and the northerly boundary, was registered.   The unregistered portion extends north of the mean high water mark "to the low water mark not exceeding a hundred rods."   The defendants are "residents of summer dwellings in or near the vicinity of the [plaintiff's] land, but which are not located on the shore line."   They have used the unregistered portion for summer recreational purposes over varying periods of time, alleging in their answers to the plaintiff's bills of complaint that "such use was under a prescriptive right established by and for them and other members of the public."

The judge found that each of the defendants and the general public had "for an uninterrupted period . . . in excess of twenty years used . . . [the unregistered portion] for bathing, sun bathing, picknicking and all recreational activities for which beach property is *seasonally* used."   He also found that "such use has, from summer to summer, been continuous, open, uninterrupted, peaceful and notorious" and that prescriptive rights had been established by the defendants, "persons of the local community and, indeed, the general public."   We are of opinion that "per-

sons of the local community" and the "general public" are too broad a group to acquire by prescription an easement to use private beaches for bathing and for recreational purposes. *Turner* v. *Hebron,* 61 Conn. 175, 187. *Hill* v. *Lord,* 48 Maine, 83, 96–100. *Curtis* v. *Keesler,* 14 Barb. S. C. 511, 521. *Gillies* v. *Orienta Beach Club,* 159 Misc. (N. Y.) 675, 678–680, affd. 248 App. Div. (N. Y.) 623. Note, Easements — Customs and Usages, 21 Minn. L. Rev. 107. See Restatement: Property, §§ 462, 464; *Butler* v. *Attorney Gen.* 195 Mass. 79, 83–84; *Garrity* v. *Sherin,* 346 Mass. 180. Cf. *Coolidge* v. *Learned,* 8 Pick. 504, 511; *Puffer* v. *Beverly,* 345 Mass. 396, 403–404.

As to the defendant, Irene Lowe, this finding of use for over twenty years is fully supported by the evidence and is not erroneous. *Nocera* v. *DeFeo,* 340 Mass. 783. The burden of proof was on the defendants to show that they had acquired an easement by prescription. *Garrity* v. *Sherin, supra.* We are of opinion that the defendants, except for Irene Lowe, did not sustain this burden. There was undisputed testimony from the defendants Leighton and Doris Rogers that they had been using the beach since 1947; obviously, this use was for less than the twenty year period necessary to establish an easement by prescription. *Garrity* v. *Sherin, supra.* There is no evidence as to the length or type of use by the defendant James Donovan; consequently, we are constrained to hold that he too failed to meet the burden of proof necessary to show the acquisition of an easement by prescription.

The plaintiff contends that a prescriptive easement could not be acquired by any of the defendants "because of the wild, undeveloped character of the land." We need not consider this contention since the evidence as to the character of the land was conflicting and the judge was not compelled to make findings favorable to the plaintiff. *B & C Erection Co. Inc.* v. *Bergin,* 346 Mass. 632.

The plaintiff also contends: "Nowhere does . . . [the trial judge] find that the use by the public was adverse to the owner of the property." It is true that the judge does not explicitly state in his report that the use by any of the

defendants was "adverse," and it is equally true that no easement may be acquired by prescription except through adverse use. *Carrig* v. *Dee,* 14 Gray, 583, 585. *Blake* v. *Everett,* 1 Allen, 248, 251. *Ottavia* v. *Savarese,* 338 Mass. 330, 333. The plaintiff quotes the judge's statement that it and its predecessor in title "at least impliedly, acquiesced in the use and enjoyment" of the unregistered land, and thereupon asserts that the use was permissive rather than adverse. Implied acquiescence is not necessarily the same as permission. *In re Rawlins Merc. Co.* 251 Fed. 164, 166, 169 (S. D. Ga.). See *Robert* v. *Perron,* 269 Mass. 537, 541. On the contrary adverse possession may exist where there is possession with the forbearance of the owner who knew of such possession and did not prohibit it but tacitly agreed thereto. *Sargent* v. *Ballard,* 9 Pick. 251, 254. *Myron* v. *Smith,* 117 Cal. App. 355, 362. We have examined the evidence and find no basis for a conclusion that Irene Lowe ever received permission to use the plaintiff's land. ". . . '[W]herever there has been the use of an easement for twenty years unexplained, it will be presumed to be under claim of right and adverse, and will be sufficient to establish title by prescription . . . unless controlled or explained.' " *Flynn* v. *Korsack,* 343 Mass. 15, 18, and cases cited therein. The plaintiff offers no explanation for Irene Lowe's use of the unregistered portion nor does it show any control over her use.

Accordingly, we are of opinion that the defendant Irene Lowe acquired by prescription the right to use the plaintiff's land to the extent indicated in the findings but that the easement does not extend to the other defendants or to the general public.

The decree in the suit against Leighton and Doris Rogers is reversed and a decree is to be entered restraining them from trespassing.

The decree in the suit against Irene Lowe and James Donovan is reversed. A decree is to be entered dismissing the bill as against Irene Lowe and restraining James Donovan from trespassing.

*So ordered.*