Fecteau, J.
This is an action by which the plaintiff seeks to assert and enforce a right to pass and repass over a “way” which he contends is a public way. The defendants contend otherwise, saying that the way is at most a private way with adjacent landowners having the right to restrict and obstruct passage.
Both parties filed motions for summary judgment which were heard on March 12, 1999. For the reasons which follow, the motion of the plaintiff is Denied, and the motion of the defendants is Allowed in part and Denied in part.
The plaintiff does not base his contention that he has a right to use Norton Way and the right-of-way upon rights expressly deeded to him or to any predecessor in title. Indeed, there are no such grants of right. He bases his claim of right of passage and use upon either that various actions of the town, including the showing of the ways on town maps, the expenditure of public funds for snowplowing and the installation of street signs and a drainage easement are the legal equivalent of the laying out and acceptance of the way as a public way, that he has an easement by implication, or that the way has become public by prescription.[1]
The plaintiff contends that Norton Way and a wedge-shaped area from Norton Way to the shore of Lake Quinsigamond (“right-of-way”) are public ways. Although the authority to lay out ways is provided by G.L.c. 82, Sec. 21, our case law recognizes two additional ways in which ways have become public, namely, by prescription and, “prior to 1846, a dedication by the owner to public use, permanent and unequivocal . . . , coupled with an express or implied acceptance by the public. Because the 1846 statute put an end to the creation thereafter of public ways by dedication and acceptance, ... it has only been possible since that time to create a public way by a laying out in the statutory manner or by prescription.” Fenn v. Middleborough, 7 Mass.App.Ct. 80, 84-85 (1979) (citations omitted). Moreover, the plaintiff has produced no evidence that the ways were dedicated and accepted prior to 1846. Thus, to prove a “public way,” he must prove that the way has been laid out and accepted according to law, or that the way has become public by prescription.
The plaintiff has produced no evidence that the disputed ways have been “laid out” in accordance with statute. He contends by implication that the absence of records of a public taking of the way as a public street does not conclusively establish that the ways were not laid out and accepted in accordance with law, and it points to warrant articles, plans, the expenditure of public funds and other exhibits as providing evidence that the ways were laid out and accepted according to law.
G.L.c. 41, Sec. 81E, states in relevant part that a town having a planning board established under Section 81A may adopt, by town meeting, an official map which shows the public ways “as theretofore laid out and established by law ...” The official map was not intended to take the place of the laying out of ways but merely is to be a record of those ways already laid out and established by law. The inclusion of a way on an official map and identified as a public way when it is not, is not an acceptable method of establishing ways as “public.” Likewise, in a town that has accepted G.L.c. 41, Sec. 73, like the Town of Shrewsbury, there is a limitation on the expenditure of funds for the improvement to private ways which have not been accepted by the town for public use, unless it is to benefit another area of the town.
The burden is on the plaintiff to provide admissible evidence, for purposes of this Rule 56 record, that the way was laid out and the boundaries and measurements of the way are filed in the office of the town clerk and thereafter accepted at a town meeting. G.L.c. 82, Sec. 23. Indeed, he has done that with respect to another way in the area: Canna Drive. (See Exhibits AC and AD.) With respect to the right-of-way in ques *7 tion, he has not produced any such evidence, other than the fact that the ways in question appear on subdivision plans and town plans, that the town has taken a drainage easement in Norton Way and the disputed right-of-way, that it plows Norton Way and has installed street signs. The authorities are clear that these steps taken by a municipality do not change ways that are private into public ways. It is clear from the Rule 56 record that the ways in question were not “laid out” in accordance with law and are not public for that reason. Partial summary judgment shall enter in favor of the defendants on this issue.
The disputed right-of-way appears to have first been shown (but not labeled as such) on a plan in 1915 drawn on behalf of the Worcester Land Development Company showing a subdivision for many parcels, presumably house lots, among which are those numbered 362, 361, and 336-339, located diagonally across an unnamed way (that is now known as Norton Way) from the right-of-way. See Exhibit A. Thereafter, in 1925, another subdivision plan was apparently approved for the Worcester Land Development Company to develop house lots more directly across from the disputed right of way, numbered 600-607. Exhibit D.
To the extent that the plaintiff alleges that he has an easement by implication in the disputed right-of-way, his parcel was created in a subdivision first shown on a plan in 1927 and developed by Ellen Russell. Although she was a grantee of a large parcel of land from the Worcester Land Development Company, her original plan was to utilize the entire parcel and build a hotel. This parcel, shown in exhibit C, a plan dated in 1923, had no need for a right-of-way to the lakeshore since it had frontage on the waterfront. Nor can any rights specifically bene-fitting the plaintiff in the disputed right-of-way be inferred as a matter of law since the conveyance of the single parcel followed the creation of the right-of-way. Had the Worcester Land Development Company itself subdivided this single parcel into house lots, or had it known of Russell’s plan to do so at the time of its creation of the disputed right-of-way, a closer question would be presented.
A genuine issue of material fact that is presented by this Rule 56 record, however, is whether a general easement, for the benefit of the grantees of the locus of the development was intended or implied by the grantor/developer.
The defendants contend that they own the ways in question. They cite the general rule that a description of real property which includes reference to a boundary “by” or “on” a way presumes to convey the land under which the way passes, to a point in the middle of the way. Murphy v. Mart Realty of Brockton, Inc., 348 Mass. 675, 679-80 (1965). ‘The rule by which the mention of a way as a boundary in a conveyance of land is presumed to mean the middle of the way, if the way belongs to the grantor, is not an absolute rule of law irrespective of manifest intention, like the rule in Shelley’s case, but is merely a principle of interpretation adopted for the purpose of finding out the true meaning of the words used." Crocker v. Cotting, 166 Mass. 183, 185 (1896). “But the basic question remains one of ascertaining the intent of the parties as manifested by the written instrument and the attendant circumstances.” Murphy, supra, at 680, citing Erickson v. Ames, 264 Mass. 436, 444 (1928). “It is always a question what is the intention of the parties, and ordinarily the intention to retain the title in private land, over which a right of way is granted, is more easily indicated than the intention to limit one’s grant by the side line of a public street when the grantor owns to the center of it. Nothing is ever conveyed except what is included within the boundaries of the lot described, and the language of the deed must be scrutinized, in its application to the locus, to see where the true boundaries are.” Erickson, supra, at 444. “The significance of words takes color from the time and circumstances in which they are used, and the intent of the parties is almost always a matter of fact.” Erickson, supra, at 441.
In this case, it appears that the parties did not favor the record with copies of the first deeds out of the subdivision, especially those in the immediate vicinity of the disputed right-of-way. Moreover, no deeds were supplied that showed any parcel in the vicinity with an express grant of easement or right-of-way. The descriptions of the parcels of land closest to the right-of-way in question that were supplied and which are shown on the plans of record do not describe parcels burdened by a right-of-way that passes over them, but rather, describes land by meets and bounds that appear to abut, but which do not pass under the way. Moreover, this way-to-water is not the only such way that the Worcester Land Development Company appeared to have created. See Exh. A. If the original developer did not expressly grant to any parcel a right-of-way in the disputed way, and if the abutting parcels were not burdened by the right-of-way but rather the grantor reserved the right-of-way independently of the abutting parcels, an inference may be reasonably drawn that the developer intended to benefit those parcels that did not have lake frontage by a means of access to the lake. A question of fact is thus recognized as to whether the developer intended to benefit the landlocked lots by access to the water by this and other rights-of-way. Moreover, if the abutting owners in fact do not own the land over which the right-of-way passes, a question arises as to any authority they have in restricting access and use of said ways.
Finally, the plaintiff has produced evidence that the ways in question have become “public” by prescription. Such a finding would require evidence of “actual public use, general, uninterrupted, continued for [the prescriptive period] . . . that the general public used the way as a public right . . . proved by facts which *8 distinguish the use relied on from a rightful use by those who have permissive right to travel over the private way.” Fenn, supra, at 84. (citations omitted).
Upon examination of the pleadings and supporting documents, there is sufficient support for purposes of Rule 56 that a public easement by prescription exists. See exhibit P in the plaintiffs opposition to the defendants’ motion for summary judgment.
This record is, therefore, insufficient as a matter of law for the plaintiff to obtain summary judgment in his favor. It is sufficient, however, to withstand a summary judgment against him, in part, on the issues of whether a public easement exists by implication or prescription. Partial summary judgment granted to the defendants on the issue of whether the way in question is a “public way.”

 Although his complaint is far from fact-specific, and he does not specifically set out therein his theory of entitlement to a right of way, the theories addressed herein are from a gleaning of the record and the arguments on the Rule 56 motions.