Fecteau, J.
This is an action in which the plaintiff seeks to assert and enforce a right to pass and repass over a “way,” now known as “Norton Way,” as well as a pie-shaped “way” that extends from Norton Way to the shore of Lake Quinsigamond, rights which he contends he has acquired due to the ways having become public by implication or prescription, or that he has acquired a private easement by prescription. The defendants contend otherwise, saying either that they own the land upon which the ways pass and that the plaintiff has no rights in the ways, or that the ways are, at most, private ways with adjacent landowners having the right to restrict and obstruct passage. On April 2, 1999, a Memorandum Decision of this court was entered in connection with cross-motions of the parties for summary judgment [10 Mass. L. Rptr. 6]. In that decision, the court ruled that the Town of Shrews-bury had not laid out nor accepted either or both of these ways as public ways and that said rights in said ways had not been specifically deeded to him or his predecessors. Therefore, if the plaintiff were to prevail, he would need to prove at trial a private right that he acquired by prescription, or a right that he shared with the public by either prescription or implication.[1]
The matter came on trial before me, sitting without jury, on February 15, 2000. The parties were granted leave to file requests for findings of fact and rulings of law on or before February 29, 2000. Upon consideration of the credible evidence, I make the following findings of fact and rulings of law.
In approximately 1914, the Worcester Land Development Company acquired a 90-acre parcel of land on the eastern shore of Lake Quinsigamond in the Town of Shrewsbury, in the Edgemere section, only a portion of which parcel is shown on exhibit 1. This parcel is roughly like a peninsula which juts out into the lake. For about the next twenty to thirty years, in stages, the Worcester Land Development Company subdivided the parcel and, ultimately, hundreds of single family houselots were deeded out. At issue in this case is the creation and use of two ways within the parcel, shown on exhibit 2, providing access to the lake: Norton Way and “Right of Way”. No comprehensive history, survey, or title examination of the ways and abutting lots in question were offered into evidence. There is no basis, therefore, upon which the court can draw any inferences or conclusions regarding what intentions the developer may have had with respect to the ways to the water shown on the plans. Indeed, at the trial, the plaintiff failed to offer any evidence from which the court can make any findings of fact as to who or what entity may presently own the ways in question. The plaintiff has satisfied neither the burden of production nor the burden of proof upon him to show that the ways were created by the developer with an express or implied intent to benefit the public.
The house that the plaintiff now resides in, built approximately in 1927, was built on the northerly side of Canna Drive which was once a part of an almost 4-acre piece of the 90-acre parcel of land that had frontage on the lake and on which a hotel once stood. The plaintiff did not produce any evidence that a clear and undivided chain of title passed from the Worcester Land Development Company to the plaintiff, or that any chain of title passed to any of the defendants. Very few recorded plans were offered and admitted into evidence. The plaintiff did not produce deeds showing his ownership interest nor deeds showing ownership of the defendants in lots abutting the rights of way. Title examinations concerning the title to 10 Canna Drive were admitted into evidence with particular attention to the lack of deeded easements or rights of way in that chain. Thus, the only legal avenue open to *106 the plaintiff for use of the ways in question is by an easement by prescription, either publicly, or privately in his own right.
In addition to the plaintiff, several residents of Canna Drive, which is a public street, testified at the trial. David Johnson, the present owner of property at the intersection of Canna Drive and Norton Way, testified that this property has been in his family since the 1920s and that he has used Norton Way and the right of way all his life without restriction and without having to ask permission. Moreover, he rents the property and informs his tenants that they may use the ways as well.
Richard Wisniewiski testified that he has resided on Robertson Drive for the last twenty years and has always used these ways, without seeking permission from anyone, on walks, to sit in the sun at the waters’ edge and as a way to get onto the ice in winter to skate.
Everett Brown testified that he has lived at 8 Canna Drive for all his 77 years, remembers when the plaintiffs house was built, and has always used the ways in question, as has his brother who lives on Bay View Drive, the street other than Canna with which Norton Way intersects.
Donald Pottle, an original defendant who had been removed from the case by stipulation of dismissal, testified. He has owned and resided at 9 Norton Way, the lot that abuts on the south “way to water” off Norton Way since approximately 1972. He has not restricted anyone’s use of the way nor given permission for such use; he stated his belief that he held no such right to restrict its use by any member of the public. He has observed over the years use by neighbors and visitors alike in launching boats, walking dogs and other recreational use of the ways in question. He has also observed that motor vehicles parked within the way sometimes block access from Norton Way to the water, and, on those occasions, he has sought to have the cars moved. There was not much, if any, evidence that use of the way by anyone else had been restricted. Two other residents testified to their unrestricted but occasional use of Norton Way and the way to the water in question, as well as the use of neighbors and members of the public, and summer tenants, including such use of the plaintiffs house when first built.
From the testimony of these residents of and near Canna Drive, this court finds that there was not uninterrupted, open and notorious use of the ways for twenty or more years sufficient to constitute a public easement. The anecdotal evidence indicated that there was “at best, sporadic use of the discontinued roads [ways].’’ Rivers v. Town of Warwick, 37 Mass.App.Ct. 593, 597 (1994) (holding that sporadic use of discontinued roads, even for more than twenty years, was not continuous). Even if this sporadic use continued for more than twenty years, this is still not sufficient to show the continuous, uninterrupted, open and notorious use necessary to establish an easement by prescription. As was stated in Rivers, supra, testimony that “practically everybody used the roads did not suggest continuous traffic." Id. The use herein, like Rivers, suggests “recreational use of an occasional nature.” Id.
“A prescriptive easement may be obtained by uninterrupted, open, notorious, and adverse use for twenty or more years over another’s land.” Arthur L. Eno, Jr. 6 William v. Hovey, Real Estate Law §8.10, at 178 (1995); See also Daley v. Town of Swampscott, 11 Mass.App.Ct. 822, 827 (1981). Prescriptive easements may be public or private. One must have an uninterrupted, open, notorious, and adverse use for twenty or more years over another’s land to acquire a private easement. Although the requirements for establishing a prescriptive easement are similar to that of adverse possession, it is not necessary “for one claiming an easement by prescription to show that his use has been ‘exclusive’ in that sense. He must show that his use has been exclusive in the sense that he relies on his own use or those under whom he claims and not on the use by third parties.” Labounty v. Vickers, 352 Mass. 337, 349 (1967); Arthur L. Eno, Jr. & William V. Hovey, Real Estate Law §27.14, at 576 (1995).
The plaintiff has not used the ways in question for the necessary prescriptive period nor was there much, if any, evidence that his use has been restricted. The plaintiff s own testimony was insufficient to establish uninterrupted use of the ways for the prescriptive period by the plaintiff or any predecessor in title or use, thus, failing to prove that he has acquired a private easement by prescription in his own right.[2]
Moreover, “[a] way is not public unless it has become such ‘in one of three ways; (1) a laying out by public authority in the manner prescribed by statute. . .; (2) prescription; [or] (3) prior to 1846, a dedication by the owner. . . coupled with. . . acceptance by the public.’ ” Rivers v. Town of Warwick, 37 Mass.App.Ct. 593, 594-95 (1994) quoting Fenn v. Middleborough, 7 Mass.App.Ct. 80, 83-84 (1979). Thus, a way may only be considered to be “public” by statute or by establishing that a public easement by prescription exists. Fenn v. Middleborough, 7 Mass.App.Ct. at 84. Once a public easement by prescription is established, there is a presumption that “at some anterior period, [the public easements] were laid out and established by competent authority.” Id. at 86. To even reach this presumption though, the “use must have all the qualities of a prescription; it must be open, adverse, uninterrupted, and with the acquiescence of the owner.” Id. at 87.
As the plaintiff has not presented any evidence of continuous public use of the ways to the court, and use of the ways “had been limited to the few persons who owned land [on and around Lake Quinsigamond], . .. the easement by prescription acquired”, if any, was private. Carmel v. Baillargeon, 21 Mass.App.Ct. 426, 430. “Evidence of much more extensive use of ways having much more the appearance of public ways has been held insufficient evidence of the acquisition of a public way by prescription.” Gower v. Town of Saugus, *107 315 Mass, at 682. Accordingly, due to the interrupted use for the statutory period, and the lack of evidence presented at trial, the plaintiff has not shown the ways to constitute public easements by prescription.
Therefore, pursuant to the aforementioned reasons, the plaintiff, Howard R. Fease, has not satisfied his burden of proof that he has any right to pass and repass over a “way,” now known as “Norton Way,” or a pie-shaped “way” that extends from Norton Way to the shore of Lake Quinsigamond. He has failed to demonstrate that he acquired any rights due to the ways having become public by implication or prescription, or a private right that he acquired by prescription.[3]
ORDER FOR JUDGMENT
For the foregoing reasons, a judgment shall enter in favor of the defendants and the plaintiffs complaint is ordered DISMISSED.

 This court perceived during the trial that the plaintiff seemed to be assuming that documents attached to his motion for summary judgment or his opposition to the cross-motion filed by the defendants were exhibits at trial. As the court stated on at least one occasion during the plaintiffs case-in-chief, the court cannot consider any such attachments that are not admitted into evidence as exhibits during the trial; the plaintiffs burdens of production and proof begin anew. The court has not considered any such documents in connection with the trial issues, other than to note that the plaintiff attached many more deeds and plans to his motion for summary judgment than he introduced at trial; this indicates, I believe, a lack of an appreciation by the plaintiff of the distinction between the function of the court, in considering a motion for summary judgment, to determine whether there exists any genuine issues of material fact, and the function of the court, at trial, to determine the facts.

As the plaintiff has not sustained his burden of proving an uninterrupted, continuous use of the ways for the requisite statutory period, this court will not address the issue of whether the use was adverse.
If however, the plaintiff had established uninterrupted, continuous use of the ways for a twenty-year period, “to acquire a public way by prescription it must appear, as in the case of a private way, that the use was adverse to the owner, that is, under an apparent claim of right.” Gower v. Town of Saugus, 315 Mass. 677, 681 (1944). Continued public use for the requisite statutory period does not raise a presumption that such use was adverse. Newburyport Redevelopment Authority v. Commonwealth, 9 Mass.App.Ct. 206, 227-28 (1980); See also Rivers v. Town of Warwick, 37 Mass.App.Ct. at 597. For the use of the ways to have been adverse, the users of the ways must be found to “import an adverse character to his holding [the ways].” Brown v. Sneider, 9 Mass.App.Ct. 329, 332 (1980). Although, “[t]he rule in Massachusetts is that wherever there has been the use of an easement for twenty years unexplained, it will be presumed to be under claim of right and adverse, and will be sufficient to establish title by prescription and to authorize the presumption of a grant unless controlled or explained.” Brook, Gill and Co, Inc. v. Landmark Properties, 23 Mass.App.Ct. 528, 530-31 (1987) citing Truc v. Field, 269 Mass. 524, 528-29; See also Ivona-Nispel, Inc. v. Lowe, 347 Mass. 760, 763 (1964).
Consequently, although there has been no evidence submitted to ‘control or explain’ the use of the ways and therefore the court may presume that the use was adverse, in this case as there was no uninterrupted, continuous use of the ways, the court does not reach that issue. Accordingly, no public easement by prescription existed.

This decision, ruling that the plaintiff has not proven that he has rights in the aforementioned ways, should not be interpreted as a declaration or implication of rights in any other persons or parties.