FRAN ROTMAN, trustee,[1] vs. ROBERT E. WHITE & another.[2]

No. 08-P-1595.

Middlesex. April 14, 2009. - July 1, 2009.

Present: KAFKER, GREEN, & GRAHAM, JJ.

*Easement. Real Property,* Easement. *Adverse Possession and Prescription. Sewer.*

A District Court judge erred in concluding that the defendants had failed to acquire prescriptive rights to continue their use of a forty-five year old sewer line running from their house, under the front lawn of the property owned by the plaintiff, and connecting to the city's sewer line, where the plaintiff had actual notice of the defendants' continued use of the sewer line; where the evidence at trial did not support the judge's finding that the plaintiff permitted the defendants to continue such use but, rather, demonstrated at most acquiescence or tacit agreement on the part of the plaintiff, which was insufficient to defeat a claim of prescriptive rights; and where a release signed by the defendants in 1981 did not relinquish any future claim to a prescriptive easement, but simply relinquished the defendants' right to use the sewer line. [589-590]

CIVIL ACTION commenced in the Newton Division of the District Court Department on February 21, 2006.

The case was heard by *Dyanne J. Klein,* J.

*John Ferris Dow* for the defendants.

*Lisa B. Darman* for the plaintiff.

GRAHAM, J. The issue in this case is whether the defendants, Robert E. and Shirley A. White, have acquired prescriptive rights to continue their use of a forty-five year old sewer line which runs from their house, under the front lawn of the property owned by the plaintiff, and connects to the city of Newton's (city's) sewer line. The Appellate Division affirmed a District Court judgment, entered after a bench trial, upon a finding that

---

[1]Of the Arbeiter Family Revocable Trust.

[2]Shirley A. White.

the defendants had failed to satisfy their burden of proving a prescriptive easement and were liable for trespass. We reverse.

*Facts.* The trial judge made the following findings of fact. Israel Arbeiter has lived at 264 Islington Road in the Auburndale section of the city (Arbeiter property) for nearly forty years. The Arbeiter property, which directly abuts the defendants' property, is currently owned by the Arbeiter Family Revocable Trust. In 1964, Arbeiter's predecessor in title granted to the defendants' predecessors in title an easement to install and maintain a sewer pipe connected to the sewer line on the Arbeiter property, and providing the defendants' property with access to the city's main sewer line. The sewer easement benefited the defendants' property and created an encumbrance on the Arbeiter property.

Arbeiter purchased his property in the late 1960's, unaware of the sewer easement (despite the fact that it was recorded in the registry of deeds), and did not learn of its existence until 1973, when the defendants' predecessors in title were selling their house and asked Arbeiter to sign a document permitting the continued use of the sewer line. Arbeiter refused the initial request and, later, refused an offer of $3,000 in return for continued use of the easement. Instead, he demanded that the sewer connection be removed from his property. However, the defendants' predecessors in title ignored the demand, and the sewer line remained in place.                                                                        .

The defendants purchased their home with the sewer line intact. However, in 1981, they entered into an abandonment, release and dissolution of easement (release) with Arbeiter. The release provided that the defendants would "irrevocably release" to Arbeiter all pre-existing rights to the use of the sewer line running under Arbeiter's property. The release indicated that the defendants had "direct access to the street sewer line and . . . no longer need[ed] the use of the existing sewer line" under the Arbeiter property. Notwithstanding the release, the defendants, for the next twenty-six years, never complied with the agreement and continued to use the sewer line.

Arbeiter was aware that defendants continued to use the existing sewer line but, over the next twenty-five years, took no action to force them to stop doing so. Instead, he complained about

the matter to the defendants on at least twenty different occasions. On each such occasion, the defendants acknowledged that they had no right to continued use of the line and represented that they would discontinue using it and connect directly to the city's system. They never did so, however, finally prompting the plaintiff, in 2005, to file the present complaint for trespass and injunctive relief. The defendants responded by claiming that they had acquired the right to continue their use of the line either through adverse possession or by a prescriptive easement.

The trial judge rejected the defendants' claim of prescriptive easement, finding that, prior to the filing of the complaint, Arbeiter gave the defendants implicit permission to continue their use of the sewer line, and that Arbeiter was entitled to rely on the defendants' explicit relinquishment of their right to the sewer line in 1981. She found that "[o]nce defendants relinquished these rights, they had no claim to an adverse or prescripti[ve] possession." The judge held that the defendants' continued use of the sewer line constituted a trespass, ordered damages totaling $370, and ordered the defendants to remove the portion of the sewer line that ran under the Arbeiter property.

The Appellate Division affirmed, although on slightly different grounds. It held that the trial judge properly could determine, as a factual question, that the defendants had failed to prove that their use of the sewer line, which (implicitly at least) was permissive for at least some period of time following execution of the release (i.e., the time necessary to remove the existing sewer line and install a replacement), had become adverse and continued as such for more than twenty years.

On appeal, the defendants contend that the trial judge's finding that the defendants' use of the sewer line was not adverse to the plaintiff was clearly erroneous. Moreover, they argue that they have acquired a prescriptive easement in the sewer line by proving an open, notorious, and nonpermissive use of the line for a period exceeding twenty years. See G. L. c. 187, § 2[3]; *Boothroyd v. Bogartz*, 68 Mass. App. Ct. 40, 43-44 (2007).

---

[3]"No person shall acquire by adverse use or enjoyment a right or privilege of way or other easement from, in, upon or over the land of another, unless such use or enjoyment is continued uninterruptedly for twenty years."

*Discussion.* Acquisition by prescription of a right of way over land of another requires continued, uninterrupted use of that easement for twenty years. G. L. c. 187, § 2. As with adverse possession, the use must be open, notorious, continuous, and adverse. *Ryan* v. *Stavros*, 348 Mass. 251, 263 (1964). *Boston Seaman's Friend Soc.* v. *Rifkin Mgmt., Inc.*, 19 Mass. App. Ct. 248, 251 (1985).

The burden of proving every element of an easement by prescription rests entirely with the claimant. *Ivons-Nispel, Inc.* v. *Lowe*, 347 Mass. 760, 762 (1964). If any element remains unproven or left in doubt, the claimant cannot prevail. See *Mendonca* v. *Cities Serv. Oil Co. of Pa.*, 354 Mass. 323, 326 (1968). See also *Tinker* v. *Bessel*, 213 Mass. 74, 76 (1912), quoting from *Cook* v. *Babcock*, 11 Cush. 206, 210 (1853) ("The acts of the wrongdoer are to be construed strictly and 'the true owner is not to be barred of his right except upon clear proof' "). The requirement that the use be "open" and "notorious" affords the property owner a fair chance of protecting his or her property interests. *Boothroyd* v. *Bogartz*, 68 Mass. App. Ct. at 44, citing *Foot* v. *Bauman*, 333 Mass. 214, 218 (1955). Where, as here, Arbeiter and the plaintiff had actual notice of the defendants' continued use of the sewer line, the open, notorious, and continuous use prongs are satisfied. Thus, the issue remaining is whether the defendants' use was adverse.

"The rule in Massachusetts is that wherever there has been the use of an easement for twenty years unexplained, it will be presumed to be under claim of right and adverse, and will be sufficient to establish title by prescription and to authorize the presumption of a grant unless controlled or explained." *Brooks, Gill & Co.* v. *Landmark Properties, 217 Ltd. Partnership*, 23 Mass. App. Ct. 528, 530-531 (1987), quoting from *Truc* v. *Field*, 269 Mass. 524, 528-529 (1930). Evidence of express or implied permission rebuts the presumption of adverse use. *Spencer* v. *Rabidou*, 340 Mass. 91, 93 (1959).

The trial judge found that Arbeiter, either explicitly or implicitly, permitted the defendants to continue to use the sewer line at issue, thereby defeating the adverse use element of prescriptive easement. However, that finding by the judge is not supported by the evidence presented at trial. Arbeiter testified that he never

gave the defendants permission to use the sewer line. On cross-examination of Arbeiter, the following exchange occurred:

*Q.*: "And you never gave anyone permission to use that sewer line; is that correct?"

*A.*: "That's correct."

*Q.*: "You never gave the Whites permission to use that sewer line, did you?"

*A.*: "That's correct."

*Q.*: "You've always pursued them to remove that sewer line from your property?"

*A.*: "Yes."

It is clear from Arbeiter's own testimony that he never gave the defendants permission to use the sewer line, but instead acquiesced in the use of the line. Such acquiescence, or tacit agreement, by an owner, to the adverse use of his property is not the same as granting permission and will not, by itself, defeat a claim of prescriptive rights. *Ivons-Nispel, Inc., supra* at 763. See Jones, A Treatise on the Law of Easements § 282, at 232-233 (1898).

Finally, although the defendants signed the release, they did not, as the judge concluded, relinquish any future claim to a prescriptive easement. Rather, the release simply relinquished their right to use the sewer line. By definition, upon execution of the release their use of the line was without legal right and, after twenty years, ripened into a prescriptive easement. See *Ryan* v. *Stavros*, 348 Mass. at 263. Having satisfied the four requirements for such a claim, the defendants have acquired a prescriptive easement to the sewer line. Accordingly, the judgment of the District Court is reversed, and judgment shall enter in favor of the defendants.

*So ordered.*