Coven, J.
This is a report by the motion judge pursuant to G.L.C. 231, §108 and Dist/Mun. Cts. RAD.A, Rule 5, of an interlocutory ruling denying the defendant’s motion to dissolve a trustee process attachment
The report indicates that on August 20, 2001, the plaintiff filed a verified complaint for breach of contract and in quantum meruit to recover $10,125.00 for 81 days of repair and renovation work at three different properties owned by the defendant at a contractual rate of $125.00 per day. On the same date, the plaintiff also filed ex parte motions for a Mass. R Civ. R, Rule 4.1(f), attachment of “any and all real properties” owned by the defendant and for a Mass. R Civ. P., Rule 4.2(g),[2] trustee process attachment of funds held by trustee defendant Sovereign Bank, N.A (“Sovereign”). The trustee process attachment in the amount of $11,000.00 was allowed on the same date, August 20, 2001, upon findings that there was a reasonable likelihood that the plaintiff would recover damages, costs and interest equal to or greater than $11,000.00 over and above any known liability insurance; and that if the defendant had advance notice of the attachment, he would withdraw the funds held by Sovereign and conceal or dissipate them. Both the defendant and Sovereign were served with process on August 28,2001.
On September 12, 2001, Sovereign filed its trustee answer attesting that it held $11,000.00 in funds in the defendant’s name. On September 20, 2001, the defendant was defaulted at the request of the plaintiff for failure to file an answer, and the plaintiff filed a motion to charge the trustee. The motion was scheduled for hearing on October 2,2001.
On the day before the scheduled hearing, October 1,2001, the defendant filed a motion to vacate the default and a motion to dissolve the trustee attachment, and *122 marked the motions for October 2, 2001.[3] The defendant filed three affidavits in support of his motion to dissolve. In his own affidavit, the defendant simply denied that he contracted to pay the plaintiff $125.00 per day for work on his properties, that he owed the plaintiff $10,125.00, that the plaintiff provided services for him “for any one day” and that the plaintiff had any documents to substantiate a contractual agreement The second affiant, a tenant of the defendant’s at one of the three properties, stated that he observed the plaintiff perform work at that location for only one-half day and never saw the plaintiff work at any other time. The third affidavit was submitted by Magarida and Denya Blanco, presumably relatives of the defendant’s, who resided at another of the defendant’s three properties. They stated that with the exception of the plaintiffs measurement of a floor on one occasion, they never saw the plaintiff perform any work and that his presence on the property was for purely social purposes.
After hearing, the trial court allowed the defendant’s motion to remove the default, denied the defendants motion to dissolve the trustee attachment without prejudice, and allowed the plaintiff’s motion to charge the trustee.
The defendant now argues that the plaintiff’s failure to produce any written statements from witnesses or other documentation corroborating his claim for services entitled the defendant to the dissolution of the trustee process attachment
Pursuant to Rule 4.2(h), a motion to dissolve an ex parte trustee process attachment ultimately imposes upon the plaintiff “the burden of justifying any finding in the ex parte order which the defendant has challenged by affidavit” The initial burden lies with the defendant to introduce sufficient evidence to mount such a challenge. The defendant in this case has not disputed that repair and renovation work was actually performed at his properties. Further, his own supporting affidavits by three tenants and/or family members attest to the fact that the plaintiff did some work at the defendant's properties. The fact that these three particular tenants did not personally observe the plaintiff complete additional work is not conclusive.
What the defendant has actually attempted to challenge by affidavit is the finding that he was contractually obligated to the plaintiff. The defendant’s own affidavit simply constitutes a general denial of the plaintiff’s contract claim. The plaintiff for his part submitted a detailed, verified complaint and a separate affidavit indicating that he performed 81 days of work for the defendant at an agreed upon rate of $125.00 per day to assist in the repair and renovation of three different properties.[4] Contrary to the defendant’s contention, the absence of written documentation of expenses incurred by the plaintiff is not indicative of the lack of a contractual rela *123 tionship between the parties. The plaintiffs claim is for labor or services, not for materials. Nor, as the defendant suggests, was fhere any requirement under the Statute of Frauds, G.L.c. 259, §1, Fifth[5] for the parties’ alleged contract for such services to be in writing. Nothing in the alleged oral contract suggested that the anticipated work could not have been completed within a year. See Novel Iron Works, Inc. v. Wexler Constr. Co., 26 Mass. 401, 410-411 (1988); Loranger Constr. Corp. v. E.F. Hauswerman Co., 6 Mass. App. Ct. 152, 159-160 (1978).[6] Finally, we are unpersuaded by the defendants contention that a plaintiff in the circumstances of this case cannot justify a trustee attachment by reliance solely upon that person’s statement made under the pains and penalties of peijury, notwithstanding contrary assertions by the defendant
The question resolved by the motion judge was whether the plaintiff established presence and work at the various properties was as a result of a contractual agreement with the defendant The denial of the defendants motion to dissolve the attachment reflects the judge’s findings. We find no error.
The denial of the defendants motion to dissolve the trustee process attachment is affirmed.[7]
So ordered.

 Rule 4.2(g) provides, in relevant part “Ex Parte Hearings on Trustee Process. An order approving trustee process for a specific amount may be entered ex parte upon findings by the court that there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the trustee process over and above any liability insurance known or reasonably believed to be available, and that either (i) the person of the defendant is not subject to the jurisdiction of the court in the action, or (ii) there is a clear danger that the defendant if notified in advance of the attachment on trustee process will withdraw the goods or credits from the hands and possession of the trustee and remove them from the state or will conceal them, or (iii) there is immediate danger that the defendant will dissipate the credits, or damage or destroy the goods to be attached on trustee process.”

 The defendant’s motion to dissolve the trustee process attachment was thus untimely. Rule 4.2(h) expressly provides that a defendant may appear and move to dissolve such an attachment “[o]n two days’ notice to the plaintiff [emphasis supplied].” See J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §4.1.19 (1974). Nothing in the report or docket entries suggests that the defendant sought leave of the court to proceed on only one day’s notice. However, there is also no indication in die judge’s report to this Division that the untimeliness of the defendant’s motion was a factor in its denial. The remaining question is whether the untimely notice adversely affected the plaintiff’s ability to marshal additional evidence for the hearing. The question remains unanswered as the now pro se plaintiff has not submitted a brief to this Division.

 The verified complaint sets forth a detailed list of repair work completed by the defendant at each of the locations. The work included interior and exterior painting; the replacement of some floors, ceilings, windows, walls and fencing; cleaning and rubbish removal; deck and porch repairs; and kitchen and bathroom renovations.

 The Fifth clause of G.L.c. 259, §1 provides: “No action shall be brought ... Fifth, Upon an agreement that is not to be performed within one year from the making thereof.”

 Further, the Statute of Frauds, even if it were applicable, would not prevent a recovery by the plaintiff in quantum meruit for the value of the services he provided. Meng v. Trustees of Boston Univ., 44 Mass. App. Ct. 650, 653 n.4 (1998).

 The defendant refers in his brief to the improper denial of his motion to dissolve the real estate attachment The report makes no reference to any such action taken by the motion judge. Nor do any docket entries indicate that such a motion was decided. The issue, therefore, is not before us on the basis of the judge’s report
We note, however, that as the trustee has been properly charged in the amount of $11,000.00, those funds are now shielded “from all demands by the defendant... for all goods, effects and credits paid, delivered or accounted for by the trustee” pursuant to G.L.c. 246, §43. It may very well be that the real estate attachment in the amount of $11,000.00 is no longer necessary.