NATIONAL STARCH AND CHEMICAL COMPANY *vs.* RENEE GREENBERG, trustee.[1] No. 02-P-15. June 22, 2004. *Real Property,* Purchase and sale agreement, Sale, Mortgage. *Interest.*

This action arises from a real estate transaction that failed. The plaintiff, National Starch and Chemical Company, (seller), owned commercial property in Canton that it wished to sell. The defendant, Renee Greenberg (buyer), proposed to buy the property. After a jury-waived trial, a Superior Court judge ordered that the broker return the buyer's deposit and awarded prejudgment interest on the deposit. The seller appeals on two issues: (1) the effect of the buyer's proposed extension of a mortgage contingency clause; and (2) the award of prejudgment interest. The seller claims that a Superior Court judge erred in ordering that the broker return the deposit to the buyer and in awarding the buyer prejudgment interest of $13,996.97. We affirm the judgment.

*Factual background.* The parties signed a standard purchase and sale agreement of the Greater Boston Real Estate Board. The purchase price was $425,000, with a deposit of $42,500, to be held in escrow by the broker, Conway Commercial Group. (The broker was dismissed from the action by stipulation after this appeal had been filed.) The agreement provided that if the buyer failed to comply with its terms, the seller's sole remedy was to retain the buyer's deposit as liquidated damages.

A mortgage contingency clause required that the buyer apply for a conventional mortgage loan. If, despite "diligent" efforts, the buyer failed to secure such a loan within thirty days of the seller signing the purchase and sale agreement, the buyer could terminate the agreement by written notice to the seller or to the broker as agent to the seller, within thirty days. In that event, payments made under the agreement were to be forthwith refunded, all other obligations of the parties were to cease, and the agreement, according to its terms, would be "void without recourse to the parties."

The purchase and sale agreement was dated in July but was not executed until September. The judge found that although the seller signed the agreement on September 13, 1996, the agreement was not dated until September 23, 1996. Ultimately the judge concluded that "[t]he language of paragraph 26 [the mortgage contingency clause], is clear and unambiguous. The Buyer had 30 days from the date the Seller signed the agreement [September 13] to notify [the seller] in writing of the inability to obtain financing." Paragraph

---

[1] Of the 857 Park Street Realty Trust.

eight of the agreement further provided that the deed was to be delivered on October 25, 1996, and that time was of the essence. These findings, although relevant as background for the issues before us, are not contested on appeal and are not dispositive of the issues presented.

When the buyer's efforts to secure financing were unsuccessful, she sent a letter by facsimile transmission to the seller on October 22, 1996. The buyer requested an extension of "both the date of performance as contained in Paragraph 8 and the financing contingency contained in Paragraph 26, each for a period of 30 days." The buyer further stated that "[i]n the event that such extension is not acceptable, this letter shall serve as a formal notice to you of buyer's inability to obtain financing, whereby all deposits tendered under such agreement must now be returned to [the buyer]." It appears that the parties subsequently executed the "extension of time for performance" at the bottom of the purchase and sale form. The extension was dated October 25, 1996. It provided that the time for performance be extended to noon on November 25, 1996, and was signed by both the seller and the buyer.

The seller's attorney apparently sent a letter dated November 20, 1996, to the buyer by facsimile transmission, notifying her that the seller expected her to be ready to perform on November 25. The next day, on November 21, the buyer's attorney sent a letter by facsimile transmission to the seller's attorney, giving formal notice that financing had not been received and would not be obtained by November 22, the date the buyer apparently regarded as the extended mortgage contingency deadline. Accordingly, she requested that her deposit be returned.

On November 26, the seller's attorney sent a letter by certified mail to the broker as escrow agent, stating that the deed was delivered to the Norfolk County registry of deeds on November 25 at twelve noon, the hour appointed to transfer the deed, but that the buyer had failed to appear. The letter further demanded that the broker release the deposit to the seller as liquidated damages. Nine days later, the buyer's attorney repeated her November 21 demand for the return of the deposit. Not surprisingly, the escrow agent refused to release the funds to either party. The seller then brought this action seeking to recover the deposit on the ground that the buyer had breached the agreement. The seller also sought declaratory relief.

*Discussion.* 1. *Mortgage contingency clause.* On appeal, the seller claims that its signature on the extension of time form did not signify an extension of paragraph twenty-six, the mortgage contingency clause. Therefore, according to the seller, since there had been no agreement to extend the time for obtaining the financing, the buyer had breached the agreement by failing to perform the financing obligation, and the seller was entitled to the deposit as liquidated damages.

The judge, however, distinguishing the facts of *Churgin* v. *Hobbie,* 39 Mass. App. Ct. 302 (1995), on which the seller relies, came to a different conclusion. She pointed out that the buyer presented two alternatives: (1) an explicit request to extend the time for performance as well as the time to obtain financing, or (2) return of the deposit. The judge observed that when offered these alternatives, the seller did not make a counter proposal, reject the buyer's request, or assert that the contingency clause had already expired and could not be extended. Therefore, the judge determined, the buyer was warranted in inferring that the seller had agreed to the extension of both the

mortgage contingency clause and the time for performance, and the buyer's exercise of the mortgage contingency clause on November 21 was timely. The judge consequently declared the "agreement void without recourse" to either party, in accordance with the mortgage contingency clause of the agreement, and ordered the deposit returned to the buyer. Her findings of fact are not clearly erroneous. Mass.R.Civ.P. 52(a), as amended, 423 Mass. 1402 (1996). See, e.g., *Demoulas* v. *Demoulas Super Mrkts., Inc.*, 424 Mass. 501, 509-510 (1997). Nor is there error in her conclusions of law.

2. *Prejudgment interest.* On the day that the judge issued her memorandum of decision and order in this case, the clerk of court forwarded the instruction that the "[p]revailing party . . . submit a Form of Judgment within 30 days." We find nothing in the record to confirm that the buyer complied with this directive. Indeed the seller asserts that it did not receive a copy. Nevertheless, two months later, the judge signed the judgment which, in addition to ordering the broker to pay the deposit over to the buyer, also ordered the payment of "interest in the amount of $13,996.95" by the seller. The seller claims the buyer is not entitled to prejudgment interest because it failed to take various actions necessary to establish such an entitlement, i.e., the buyer made no claim for damages or interest, or for relief under § 5 of the Declaratory Judgment Act, G. L. c. 231A, or for other further relief. The purchase and sale agreement itself is silent on the subject of interest on the escrow account.

However, the award of prejudgment interest is a ministerial act. See *O'Malley* v. *O'Malley*, 419 Mass. 377, 381 (1995). It does not require judicial intervention but may be added to a monetary award by the clerk of court. See G. L. c. 231, §§ 6C & 6H. See also Mass.R.Civ.P. 54(f), 382 Mass. 822 (1980) ("Interest accrued up to the date of entry of a judgment shall be computed by the clerk according to law").

As the seller acknowledges, "the [statutory] theme is that an award of interest is intended to make whole a person wrongly deprived of the use of money." Mass.R.Civ.P. 54(c), 365 Mass. 820 (1974). ("[e]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings"). The seller claims that "[it] did nothing relative to the funds other than make its own demand for them." However, that action, in light of the judge's determination that the contract was at that point void, did deprive the buyer of funds to which she was then rightfully entitled. Compare *Rood* v. *Newberg*, 48 Mass. App. Ct. 185, 194-195 (1991). Therefore, the award of prejudgment interest was proper.

*Judgment affirmed.*

*James S. Timmins* for the plaintiff.
*Seth H. Hochbaum* for the defendant.