EVERDON HENRY & another[1] *vs.* THEODORE MORRIS
& another.[2]

No. 04-P-117.

Middlesex. October 21, 2004. - December 23, 2004.

Present: ARMSTRONG, C.J., GRASSO, & GRAHAM, JJ.

*Real Property,* Purchase and sale agreement, Specific performance. *Contract,*
Damages. *Interest. Damages,* Interest. *Escrow. Practice, Civil,* Costs,
Interest.

In an action for specific performance of a purchase and sale agreement, in
which the judge found that neither the buyers nor the sellers had breached
the agreement, the judge erred in awarding interest and costs as part of her
order that the buyers should recover the amount they had deposited in
escrow, where the return of the amount in escrow was not an award of
damages entitling the buyers to interest under G. L. c. 231, § 6C, and
where there was no prevailing party entitled to costs under G. L. c. 261,
§ 1. [716-718]

CIVIL ACTION commenced in the Superior Court Department on
July 13, 2000.

The case was heard by *Wendie I. Gershengorn,* J.

*Carroll E. Ayers* for the defendants.

*James E. Hoyt* for the plaintiffs.

GRAHAM, J. This action arises from a failed real estate transac-
tion between the plaintiffs, Everdon Henry and Jacque
Thelemaque (buyers), and the defendants, Theodore and Karen
Morris (sellers). After a jury-waived trial, a Superior Court
judge denied the buyers' request for specific performance and
damages and ordered the return of the buyers' deposit held in
escrow by the sellers' agent. On appeal, the question is whether
the judge was correct in awarding the buyers prejudgment inter-

---

[1]Jacque Thelemaque.
[2]Karen Morris.

est on the deposit and costs. We reverse the award of prejudgment interest and costs.

*Factual background.* The parties signed a standard purchase and sale agreement on or about November 22, 1999, with a closing date of January 15, 2000. The purchase price for the property, a multi-family home, was $300,000, with a $15,000 deposit held in escrow by the broker, DeCroteau Realty.[3] The agreement provided that if the buyers failed to comply with its terms, the sellers' sole remedy was to retain the buyers' deposit as liquidated damages. The agreement contained an additional provision which provided that the sellers agreed "to use diligent effort to remove tenants from front six room apt. and rear two bedroom.extension [*sic*] to be determined."

The sellers served the tenants then residing at the property with a notice to vacate and commenced summary process proceedings to expedite eviction. Despite their best efforts, the sellers were unable to evict all of the tenants prior to the January 15, 2000, closing date and notified the buyers of that fact on or about January 15, 2000. In response, the buyers offered two alternative written proposals: (1) a second agreement with a closing date of February 1, 2000, but with modified terms of delivery, and (2) an extended closing period to take place between February 1, 2000, and March 1, 2000. Neither alternative was accepted by the sellers. The parties never completed the closing, and the sellers took the property off the market in April, 2000.

On July 13, 2000, the buyers sued the sellers for specific performance.[4] In addition, the buyers sought costs, damages, interest, attorney's fees, and other further relief. After a jury-waived trial, the judge issued findings of fact, rulings of law, and an order for judgment. The judge, in finding that neither party had committed a breach, determined that the sellers met their obligation under the agreement "to use diligent effort" to remove the tenants, and since the sellers were ready, willing,

[3]The agreement did not require that the deposit be held in an interest-bearing account.

[4]There is no evidence in the record that the sellers requested that the broker release the deposit to them or instructed the broker not to return the deposit to the buyers prior to the filing of the law suit.

and able as of January 15, 2000, to complete the sale of the property in accordance with the terms of the agreement, they committed no breach.

Additionally, the judge found that the buyers were not in breach of the agreement. Eviction of the tenants prior to January 15, 2000, was a condition precedent, the nonoccurrence of which excused performance of the purchase and sale on both sides. The judge determined that since neither party was in breach of the agreement, the liquidated damages clause was not triggered and the sellers were not entitled to retain the $15,000 deposit.

The judgment dated August 1, 2003, stated that the buyers' "request for specific performance and damages is *DENIED* and that the [buyers] shall recover the $15,000 deposit." An execution for the buyers issued from the court on September 19, 2003, in the amount of $15,000 listed as "damages." On October 29, 2003, a corrected judgment, entered nunc pro tunc August 1, 2003, was issued stating that the buyers shall recover the $15,000 deposit with interest thereon from July 13, 2000, in the sum of $5,932.65 and costs of the action. It is from this addition of interest and costs in the corrected judgment that the sellers appeal.

*Discussion.* On appeal, the sellers contend that the court order requiring them to return the $15,000 deposit was not an order for money damages in favor of the buyers triggering an award for interest pursuant to G. L. c. 231, § 6C. Moreover, the sellers argue that the buyers are not entitled to damages since the judge clearly determined that no breach of the agreement occurred. The sellers further claim that the buyers were not prevailing parties since their request for specific performance and damages was denied, and therefore are not entitled to costs.

The buyers allege that although the judge did not refer to the $15,000 as damages, the only relief granted was to the buyers, who were clearly the prevailing party. In issuing the execution, the court considered the $15,000 as damages. In addition, the buyers contend that since the judge found no breach of the agreement, the sellers "wrongfully withheld" the deposit. Denying interest and costs to the buyers in those circumstances would, they argue, exalt form over substance.

Upon review of a case in which a trial judge acts as fact finder, an appellate court accepts the judge's findings of fact as true unless they are clearly erroneous. *Kendall* v. *Selvaggio*, 413 Mass. 619, 620 (1992). However, the clearly erroneous standard of review does not apply to a judge's application of legal standards. *Id.* at 621. An appellate court will "scrutinize without deference the legal standard which the judge applied to the facts." *Ibid.*

"[T]he award of prejudgment interest is a ministerial act" governed by G. L. c. 231, § 6C. *National Starch & Chem. Co.* v. *Greenberg*, 61 Mass. App. Ct. 906, 908 (2004). "It does not require judicial intervention" but may be automatically added by the clerk to an award of damages in a contract action. *Ibid.* In pertinent part, G. L. c. 231, § 6C, as amended through St. 1982, c. 183, § 3, provides:

> "In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added . . . from the date of the commencement of the action . . . ."

In this case there can be no assessment of interest because there was no award of damages. See G. L. c. 231, § 6C. "[F]or a claim to come within the compass of the statute, a breach of a contractual obligation must occur and that breach ultimately must ripen into a judgment for pecuniary damages." *Protective Life Ins. Co.* v. *Dignity Viatical Settlement Partners, L.P.*, 171 F.3d 52, 54 (1st Cir. 1999). In the case at bar, the judge specifically found that the sellers did not breach the agreement and that the sellers were ready, willing, and able as of January 15, 2000, to complete the sale of the property in accordance with the terms of the agreement. Therefore, the judge's decision to return the deposit to the buyers was not an award of damages that would trigger the statute.

Furthermore, the policy underlying G. L. c. 231, § 6C, is that "[p]rejudgment interest serves to compensate [a party] for the

loss of use of money wrongfully withheld." *Cambridge Trust Co.* v. *Commercial Union Ins. Co.*, 32 Mass. App. Ct. 561, 568 (1992). Here, the buyers were not seeking the return of the deposit, but rather sought specific performance. If the buyers had prevailed and specific performance had been granted, then the sellers would have retained the deposit as a credit against the purchase price. Compare *National Starch & Chem. Co.* v. *Greenberg, supra* at 908, where the award of prejudgment interest was held proper. There, a seller sued to recover a deposit after a buyer gave timely notice that the mortgage contingency in the purchase and sale agreement had not been met. *Id.* at 906-907. The deposit had been placed in escrow and the escrow agent refused to release the funds to either party. *Id.* at 907. The court upheld the award of prejudgment interest, explaining that since the contract was void at the time the seller made the demand for the deposit, the seller's action "deprive[d] the buyer of funds to which she was then rightfully entitled." *Id.* at 908. In contrast, the return of the deposit was not at issue here since the buyers were seeking specific performance and the judge made no finding that the deposit was wrongfully withheld.

The award of costs was also inappropriate. General Laws c. 261, § 1, provides that in civil actions, a prevailing party shall recover his or her costs. Here, the buyers were not the prevailing party. The judge held neither party in breach of the agreement and simply ordered the return of the deposit.

For the reasons set forth above, the corrected judgment is vacated and a new judgment shall be entered stating "The plaintiffs' request for specific performance and damages is *DENIED* and the plaintiffs shall recover the $15,000 deposit which was previously tendered to the defendants. Interest and costs shall *NOT* be awarded to the plaintiffs."

*So ordered.*