Coven, J.
The plaintiff brought this suit on an underlying judgment of $18,446.92 and, thereafter, sought a wage attachment against a trustee of the defendant. Mass. R. Civ. P., Rule 4.2(a).[1] The trial court approved the attachment in the amount of $19,211.80,[2] and allowed for successive service. Mass. R. Civ. R, Rule 4.2(f).[3] The courts order did not provide for either the collection of interest that would accrue during the collection process, or the collection of costs. On the same date that trustee process was approved, the defendant filed a motion asserting that he was present in court, but in the wrong court room. Though no specific action was requested, the defendant’s motion was scheduled for a hearing one week later. On that date, the court again approved the trustee process. This time, however, a different judge reduced the wage attachment to $25.00 per week, approved successive service, and struck from the trustee attachment form[4] approval for the collection of costs and statutory interest. The plaintiff filed this Dist./Mun. Cts. R. A. D. A, Rule 8A, expedited appeal, arguing error in what it characterizes as the courf s sua sponte action in waiving the plaintiffs right to costs and statutory interest.
As no final judgment has been entered in this action, the ruling of which the plaintiff complains is interlocutory, see Gauthier v. Blanco, 2002 Mass. App. Div. 121; Data Conversion, Inc. v. MSC Assocs., Inc., 1990 Mass. App. Div. 103, 104, and the plaintiffs appeal must be dismissed as premature. However, as the matter must be returned to the trial court, a few observations are in order. In making these, we note that as no transcript of the hearing on the defendant’s motion has been provided, it is unclear what was presented to the court at that hearing and on what evidentiary basis the motion judge may have acted. But we accept for the sake of argument the *110 plaintiffs assertions that the judge acted sua sponte in deleting approval for the collection of costs and interest.
The plaintiff’s argument is flawed. While it recognizes that no judgment has been entered in this action, it assumes that the courf s trustee order prevents it from collecting from the defendant the statutory interest authorized by G.L.c. 231, §6C (the underlying contract rate or twelve percent). The courfs authorization does not waive the plaintiffs right to collect statutory interest. Nor does the courf s interlocutory ruling prevent it from ultimately entering a judgment in this action that includes statutory interest. The only effect of the courf s order on the issue of statutory interest or costs is to preclude the plaintiff from recovering those charges through successive service of the trustee process that was authorized. In effect, the plaintiff stands in no different position than it did with the original attachment. The first attachment allows the plaintiff to collect up to the amount due when the suit on the judgment was filed, but no more. Presumably, so too does the attachment at issue.
The plaintiff may, at any time, bring the case forward for entry of a final judgment; and, presumably, if final judgment is entered, the judgment will include the appropriate statutory interest award. The award of prejudgment interest is a ministerial act to be performed by the clerk. O’Malley v. O’Malley, 419 Mass. 377, 381 (1995); National Starch & Chem. Co. v. Greenberg, 61 Mass. App. Ct. 906, 908 (2004). “Interest accrued up to the date of entry of a judgment shall be computed by the clerk according to law” (emphasis added). Mass. R. Civ. P., Rule 54(f).
We observe that a suit on a judgment is a civil action governed by the Massachusetts Rules of Civil Procedure. The rules provide for a suit on a judgment, and may provide for the allowance of a wage attachment. In many cases, however, and perhaps as in this case, the underlying judgment will be substantial and the collection time will be lengthy. It may not be reasonable to allow such an action to remain open for years in order to provide complete relief. In fact, the time requirements found in District Court Joint Standing Order 2-04(11) anticipate that a civil suit is to be brought to disposition by, at the most, eighteen months after its filing. In addition, when successive service is approved, G.L.c. 246, §8 requires actual successive service, and this may add to the costs of collection. It may be that to avoid these additional costs, which may be passed on to a defendant, the better practice may be for the judgment holder to initiate supplementary process and obtain a payment order in that proceeding.
The plaintiffs appeal of an interlocutory ruling is dismissed as premature.[5]
So ordered.

 Pursuant to Mass. R. Civ. R, Rule 4.2(a), no wage attachment may be obtained “except on a claim that has been first reduced to judgment or otherwise authorized by law.”

 In its statement of damages filed with its complaint in this action, the plaintiff claimed that $19,228.80 was owed. Presumably, the difference between the amount claimed and the underlying judgment ($18,446.92) represents interest accrued between April 24, 2001, the date of the underlying judgment, and July 1, 2011, the date this action was filed. We assume that the difference between the statement of damages and the specified amount of the original attachment ($19,211.08) is attributed to a clerical error.

 Pursuant to Mass. R. Civ. P, Rule 4.2(f), successive service requires court authorization.

 When wages are sought, the form of the summons to the trustee must notify the trustee “of such amount of wages... as are by law exempt from attachment and shall direct [the trustee] to pay over to the defendant the exempted amount.” Mass. R. Civ. R, Rule 4.2(b). The original attachment form complied with this requirement. The attachment form at issue neither informed the trustee of any exemptions from attachment, nor directed the trustee “to pay over to the defendant the exempted amount.”

 The plaintiff argues that the order approving the trustee attachment is ambiguous as to whether the court was waiving the costs associated with this action or the costs awarded in the underlying judgment. We observe that the underlying judgment included an assessment of costs, and that judgment is final. The waiver of costs appears to reflect the judge’s understanding that no judgment has entered in this case and, therefore, costs pursuant to Mass. R. Civ. P., Rule 54(d), are premature.